# EXHIBIT B

15515201132020
PYSPRT

Franklin County Prothonotary's Office
CIVIL Case Detail Report

Case 1:20-cv-00067-JPW-MCC  Document 1  Filed 01/13/20  Page 2 of 46

Page    1
1/13/2020

Case No.......... 2019-04895  STACEY L SCHMANDER ET AL (vs) THOMAS ALAN LINZEY ET AL

```
Reference No......                                          Filed..........  12/05/2019
Case Type......... MISCELLANEOUS - OTHER                    Time...........      4:06
Judgment..........          $.00                            Execution Date.  0/00/0000
Judge Assigned.... SPONSELLER TODD M                        Jury Trial.....
Disposed Desc.....                                          Disposed Date..  0/00/0000
----------- Case Comments -----------                       Higher Crt 1...
                                                            Higher Crt 2...
```

*******************************************************************************
                              ++ GENERAL INDEX ++

| Indexed Party | | Attorney Info |
|---|---|---|
| SCHMADER STACEY L<br>MERCERSBURG, PA 17236 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662 |
| O'DELL LETICIA<br>BROADVIEW HEIGHTS, OH 44147 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662 |
| NICHOLSON CHAD<br>EAST PITTSBURGH, PA 15112 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662 |
| HUSCHKE KAI<br>SPOKANE, WA 99224 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662 |
| MILLER MARKIE<br>TOLEDO, OH 43613 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662 |
| CLATTERBUCK MALINDA<br>HOLTWOOD, PA 17532 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662 |
| SANBORN MICHELLE<br>ALEXANDRIA, NH 03222 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662<br>LAVELLE SARAH R<br>2043 LOCUST STREET SUITE 1B<br>PHILADELPHIA, PA  19103 |
| JANKOWSKI CRYSTAL<br>TOLEDO, OH 43611 | PLAINTIFF | KOLLER DAVID M<br>2043 LOCUST ST<br>SUITE 1B<br>PHILADELPHIA, PA  19103-5662<br>LAVELLE SARAH R<br>2043 LOCUST STREET SUITE 1B<br>PHILADELPHIA, PA  19103 |
| LINZEY THOMAS ALAN<br>SPOKANE, WA 99201 | DEFENDANT | LLOYD BETHANN R<br>WITHERELL KRISTIN L<br>1601 CHERRY STREET SUITE 1350<br>PHILADELPHIA, PA  19102<br>SCULL JOHN<br>1601 CHERRY STREET SUITE 1350<br>PHILADELPHIA, PA  19102<br>KEEFE EILEEN K<br>1601 CHERRY STREET SUITE 1350<br>JACKSON LEWIS PC<br>PHILADELPHIA, PA  19102 |
| BELINSKY TAMMY<br>COPPER HILL, VA 24079 | DEFENDANT | TELLNER CHRISTOPHER J<br>KAUFMAN DOLOWICH ET AL<br>1777 SENTRY PARK W STE 100<br>BLUE BELL, PA  19422 |

Case No.......... 2019-04895  STACEY L SCHMANDER ET AL (vs) THOMAS ALAN LINZEY ET AL

Reference No......                                        Filed.........  12/05/2019
Case Type........ MISCELLANEOUS - OTHER                   Time..........        4:06
Judgment..........               $.00                     Execution Date.  0/00/0000
Judge Assigned.... SPONSELLER TODD M                      Jury Trial.....
Disposed Desc.....                                        Disposed Date..  0/00/0000
----------- Case Comments ------------                    Higher Crt 1...
                                                          Higher Crt 2...

                                          BROWN GREGORY F
                                            1777 SENTRY PARK WEST
                                            VEVA 17 SUITE 100
                                            BLUE BELL, PA  19422

WALLS FRED                   DEFENDANT     TELLNER CHRISTOPHER J
   THOMAS, PA 17252                          KAUFMAN DOLOWICH ET AL
                                            1777 SENTRY PARK W STE 100
                                            BLUE BELL, PA  19422
                                          BROWN GREGORY F
                                            1777 SENTRY PARK WEST
                                            VEVA 17 SUITE 100
                                            BLUE BELL, PA  19422

WELLS EDWARD                 DEFENDANT     TELLNER CHRISTOPHER J
   CHAMBERSBURG, PA 17201                    KAUFMAN DOLOWICH ET AL
                                            1777 SENTRY PARK W STE 100
                                            BLUE BELL, PA  19422
                                          BROWN GREGORY F
                                            1777 SENTRY PARK WEST
                                            VEVA 17 SUITE 100
                                            BLUE BELL, PA  19422

COMMUNITY ENVIORNMENTAL LEGAL  DEFENDANT   TELLNER CHRISTOPHER J
DEFENSE FUND                                 KAUFMAN DOLOWICH ET AL
   MERCERSBURG, PA 17236                     1777 SENTRY PARK W STE 100
                                            BLUE BELL, PA  19422
                                          BROWN GREGORY F
                                            1777 SENTRY PARK WEST
                                            VEVA 17 SUITE 100
                                            BLUE BELL, PA  19422

CENTER FOR DEMOCRATIC AND     DEFENDANT    LLOYD BETHANN R
ENVIRONMENTAL RIGHTS
   SPOKANE, WA 99201

*******************************************************************************
                          ++ DOCKET ENTRIES ++
   Date        Entry Text
- - - - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - -
12/12/2019   COMPLAINT FOR PERMANENT INJUCTIVE RELIEF AND MOTION FOR PRELIMINARY
             INJUNCTION WITH JURY DEMAND ENDORSED HEREON FILED ORIGINAL SENT
             UPSTAIRS AND COPIES RETURNED TO ATTY KOLLER VIA MAIL.
                          36 Image page(s) exists for this entry
             ----------------------------------------------------------------
12/12/2019   MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY
             RESTRAINING ORDER TEMPORARY PRELIMINARY AND PERMANENT INJUNCTIVE
             RELIEF FILED WITH COPIES RETURNED TO ATTY KOLLER VIA MAIL AND
             ORIGINAL SENT UPSTAIRS.
                          7 Image page(s) exists for this entry
             ----------------------------------------------------------------
12/12/2019   PETITION FOR EX PARTE PRELIMINARY INJUNCTION FILED WITH COPIES
             RETURNED TO ATTY KOLLER VIA MAIL AND ORIGINAL SENT UPSTAIRS.
                          13 Image page(s) exists for this entry
             ----------------------------------------------------------------
12/16/2019   ORDER OF COURT DATED DECEMBER 16 2019 UPON REVIEWING PLAINTIFF'S
             PETITION FOR EX PARTE PRELIMINARY INJUNCTION AND MOTION FOR
             TEMPORARY RESTRAINING ORDER DATED DECEMBER 12 2019 IT IS HEREBY
             ORDERED THAT PLAINTIFF'S PETITION FOR EX PARTE PRELIMINARY
             INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER ARE
             DENIED IT IS FURTHER ORDERED THAT A HEARING AS TO PLAINTIFF'S
             MOTION FOR TEMPORARY RESTRAINING ORDER SHALL BE HELD ON
             DECEMBER 23 2019 AT 2:30 PM FILED.
             BY TODD M SPONSELLER JUDGE.
                          2 Image page(s) exists for this entry

Case No.......... 2019-04895  STACEY L SCHMANDER ET AL (vs) THOMAS ALAN LINZEY ET AL

```
Reference No......                              Filed..........  12/05/2019
Case Type.........  MISCELLANEOUS - OTHER       Time...........       4:06
Judgment..........             $.00             Execution Date.  0/00/0000
Judge Assigned....  SPONSELLER TODD M           Jury Trial.....
Disposed Desc.....                              Disposed Date..  0/00/0000
----------- Case Comments -----------           Higher Crt 1...
                                                 Higher Crt 2...
```

---

12/16/2019    NOTICE OF ENTRY OF ORDER OR DECREE PURSUANT TO PA R.C.P NO 236
              NOTIFICATION.  THIS DOCUMENT HAS BEEN FILED IN THIS CASE.
              PROTHONOTARY FRANKLIN COUNTY PA.
              PLAINTIFFS VIA REGULAR MAIL.
              DEFENDANTS VIA REGULAR MAIL.
              DAVID M KOLLER ESQ VIA REGULAR MAIL.
              SARAH R LAVELLE ESQ VIA REGULAR MAIL.

---

12/16/2019    EXHIBITS A-X TO BE ATTACHED TO COMPLAINT PREVIOUSLY FILED ON
              DECEMBER 12, 2019 FILED WITH COPY RETURNED TO ATTY KOLLER.
                          71 Image page(s) exists for this entry

---

12/23/2019    ORDER OF COURT DATED DECEMBER 23 2019 AND HEREBY ORDERS THAT THE
              HEARING AS TO PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER
              SCHEDULED TO TAKE PLACE ON DECEMBER 23 2019 IS CONTINUED AND IT IS
              FURTHER ORDERED THAT A HEARING SHALL BE HELD ON JANUARY 27 2020 AT
              3:00 PM IN COURTROOM #3 FRANKLIN COUNTY COURTHOUSE FILED.
              BY TODD M SPONSELLER JUDGE
                           2 Image page(s) exists for this entry

---

12/23/2019    NOTICE OF ENTRY OF ORDER OR DECREE PURSUANT TO PA R.C.P NO 236
              NOTIFICATION.  THIS DOCUMENT HAS BEEN FILED IN THIS CASE.
              PROTHONOTARY FRANKLIN COUNTY PA.
              PLAINTIFFS VIA REGULAR MAIL
              DEFENDANTS VIA REGULAR MAIL
              DAVID M KOLLER ESQ VIA REGULAR MAIL RETURNED 12/31/19 SENT TO NEW
              CHRISTOPHER TELLNER ESQ VIA REGULAR MAIL          ADDRESS
              KRISTIN L WITHERELL ESQ VIA REGULAR MAIL
              JOHN SCULL ESQ VIA REGULAR MAIL              GREGORY BROWN ESQ
              BETHAN R LLYOD ESQ VIA REGULAR MAIL          VIA REGULAR MAIL

---

12/26/2019    PRAECIPE FOR APPEARANCE FOR DEFENDANT FILED.
                           4 Image page(s) exists for this entry

---

12/26/2019    MOTION FOR TRANSFER TO ALTERNATIVE JUDGE FOR HEARING ON AN
              EMERGENCY INJUNCTION FILED WITH COPY RETURNED TO ATTY KOLLER
              AND ORIGINAL SENT UPSTIARS.
                           4 Image page(s) exists for this entry

---

12/30/2019    SHERIFF'S RETURN: COMPLAINT IN CIVIL ACTION SERVED PERSONALLY
              TO EDWARD WELLS AT 1881 SCOTLAND RD CHAMBERSBURG PA 17201
              12/18/19 AND COMPLAINT IN CIVIL ACTION WAS SERVED PERSONALLY TO
              FRED WELLS AT THE FRANKLIN COUNTY SHERIFF OFFICE 12/19/19
              FILED.
                           1 Image page(s) exists for this entry

---

1/07/2020     PRAECIPE FOR ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT
              THOMAS ALAN LINZEY FILED WITH COPY RETURNED TO
              ATTY KRISTIN L WITHERELL FILED WITH COPY RETURNED TO
              ATTY WITHERELL.
                           2 Image page(s) exists for this entry

---

1/07/2020     PRAECIPE FOR ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT
              THOMAS ALAN LINZEY FILED WITH COPY RETURNED TO ATTY JOHN SCHULL.
                           2 Image page(s) exists for this entry

---

1/07/2020     PRAECIPE FOR ENTRY OF APPEARANCE ON BEHALF OF DEFENDANT
              THOMAS ALAN LINZEY FILED WITH COPY RETURNED TO ATTY EILEEN K KEEFE.
                           2 Image page(s) exists for this entry

---

1/07/2020     ENTRY OF APPEARANCE OF CHRISTOPHER J TELLNER, ESQ ON BEHALF OF
              DEFENDANTS TAMMY BELINSKY, FRED WELLS, EDWARD WELLS AND COMMUNITY
              ENVIORNMENTAL LEGAL DEFENSE FUND IN THE ABOVE CAPTIONED MATTER
              FILED WITH COPY RETURNED TO ATTY TELLNER.

Case No.......... 2019-04895  STACEY L SCHMANDER ET AL (vs) THOMAS ALAN LINZEY ET AL

Reference No......                                          Filed.......... 12/05/2019
Case Type........ MISCELLANEOUS - OTHER                     Time...........     4:06
Judgment..........             $.00                         Execution Date.  0/00/0000
Judge Assigned.... SPONSELLER TODD M                        Jury Trial.....
Disposed Desc.....                                          Disposed Date..  0/00/0000
----------- Case Comments ------------                      Higher Crt 1...
                                                            Higher Crt 2...

                            3 Image page(s) exists for this entry
          -------------------------------------------------------------------
1/07/2020   ENTRY OF APPEARANCE OF BROWN F GREGORY, ESQ ON BEHALF OF DEFENDANTS
            TAMMY BELINSKY, FRED WALLS, EDWARD WELLS AND COMMUNITY
            ENVIORNMENTAL LEGAL DEFENSE FUND IN THE ABOVE CAPTIONED MATTER
            FILED WITH COPY RETURNED TO ATTY BROWN.
                            3 Image page(s) exists for this entry
          -------------------------------------------------------------------
1/13/2020   MOTION FOR LEAVE TO AMEND COMPLAINT FOR PERMANENT INJUNCTIVE
            RELIEF AND MOTION FOR PRELIMINARY INJUNCTION WITH JURY DEMAND WITH
            FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION RELIEF AND MOTION
            FOR PRELIMINARY INJUNCTION WITH JURY DEMAND ENDORSED HEREON AND
            EXHIBITS FILED.
                            120 Image page(s) exists for this entry
          - - - - - - - - - - - - - LAST ENTRY - - - - - - - - - - - - - -


**************************************************************************************
                            ++ Escrow Information ++
                     Beg. Balance      Pymts/Adjmts       End. Balance
Cost / Fee
TAX ON CMPLT              $.50              $.50               $.00
DISC                    $5.00            $5.00                $.00
COMPLAINT/ JCP         $40.25           $40.25                $.00
COMP-AUTO FEE           $5.00            $5.00                $.00
COMPLAINT FILED        $60.00           $60.00                $.00
                     ------------      ------------       ------------
                      $110.75           $110.75               $.00


**************************************************************************************
                            **End of Case Information**

# SHERIFF'S OFFICE OF FRANKLIN COUNTY



**James W. Brown**
*Sheriff*

**Clinton T. Barkdoll**
*Solicitor*

**Daniel T. Diehl**
*Chief Deputy*

| STACEY L SCHUMADER | |
|---|---|
| vs. | **Case Number** |
| FRED WALLS (et al.) | 2019-4895 |

## SHERIFF'S RETURN OF SERVICE

12/17/2019   Advance Fee

12/18/2019   10:50 AM - SERGEANT BENJAMIN SITES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, AN ATTEMPT TO SERVE THE COMPLAINT IN CIVIL ACTION (CICA) TO FRED WALLS AT 8048 LINCOLN WAY WEST, SAINT THOMAS, PA 17257 WAS UNSUCCESSFUL.

12/18/2019   11:11 AM - SERGEANT BENJAMIN SITES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED PERSONALLY TO EDWARD WELLS AT 1881 SCOTLAND ROAD, CHAMBERSBURG, PA 17201.

BENJAMIN SITES, SERGEANT

12/19/2019   12:55 PM - DEPUTY RICHARD J. CUTCHALL, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED PERSONALLY TO FRED WALLS AT THE FRANKLIN COUNTY SHERIFF'S OFFICE, 157 LINCOLN WAY EAST, CHAMBERSBURG, PA 17201, FRANKLIN COUNTY COURTHOUSE.

RICHARD J. CUTCHALL, DEPUTY

12/27/2019   Closed By: RDM

SO ANSWERS,

JAMES W. BROWN, SHERIFF

December 27, 2019

### COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|---|---|---|---|---|---|
| 12/17/2019 | Advance Fee | Advance Fee | 8014 | $0.00 | $150.00 |
| 12/17/2019 | Docket & Return | | | $9.00 | $0.00 |
| 12/17/2019 | Service | | | $15.00 | $0.00 |
| 12/17/2019 | Surcharge | | | $20.00 | $0.00 |
| 12/18/2019 | Mileage | | | $2.32 | $0.00 |
| 12/18/2019 | Mileage | | | $9.28 | $0.00 |
| 12/27/2019 | Refund | | | $94.40 | $0.00 |
| | | | | $150.00 | $150.00 |
| | | | BALANCE: | $0.00 | |

**KAUFMAN DOLOWICH & VOLUCK, LLP**
Christopher J. Tellner, Esquire
ctellner@kdvlaw.com
Attorney I.D. No. 204204
1777 Sentry Park West
VEVA 17, Suite 100
Blue Bell, PA 19422
Telephone: (215) 461-1100
Facsimile: (215) 461-1300

*Attorney for Defendants*
*Tammy Belinsky, Fred Walls,*
*Edward Wells and Community*
*Environmental Legal Defense Fund*

| | |
|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski, | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PENNSYLVANIA CIVIL DIVISION |
| Plaintiffs, | |
| v. | No. 2019-4895 |
| Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Office Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights, | |
| Defendants. | |

## ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Defendants Tammy Belinsky, Fred Walls,

Edward Wells and Community Environmental Legal Defense Fund in the above-captioned matter.

TRUE ATTEST
PROTHONOTARY

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

Christopher J. Tellner, Esquire
*Attorney for Defendants*
*Tammy Belinsky, Fred Walls, Edward Wells*
*and Community Environmental Legal Defense Fund*

Dated: January 2, 2020

**KAUFMAN DOLOWICH & VOLUCK, LLP**

Christopher J. Tellner, Esquire
ctellner@kdvlaw.com
Attorney I.D. No. 204204
1777 Sentry Park West
VEVA 17, Suite 100
Blue Bell, PA 19422
Telephone: (215) 461-1100
Facsimile: (215) 461-1300

*Attorney for Defendants*
*Tammy Belinsky, Fred Walls,*
*Edward Wells and Community*
*Environmental Legal Defense Fund*

| | |
|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Office Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PENNSYLVANIA CIVIL DIVISION<br><br><br>No. 2019-4895 |

## CERTIFICATE OF SERVICE

I, Christopher J. Tellner, Esquire, hereby certify that a true and correct copy of my Entry of Appearance on behalf of Defendants Tammy Belinsky, Fred Walls, Edward Wells and Community Environmental Legal Defense Fund was served via Electronic and First-Class, U.S., Mail, postage prepaid upon all Counsel of record listed below.

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
Koller Law LLC
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
*Counsel for Plaintiffs*

Kristin L. Witherell, Esquire
Jackson Lewis
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
*Counsel for Defendant*
*Thomas Alan Linzey*

Bethann R. Lloyd, Esquire
Weinheimer, Haber & Coco, P.C.
429 Fourth Avenue
Suite 602
Pittsburgh, PA 15219
*Counsel for Defendant*
*The Center for Democratic and Environmental Rights*

**KAUFMAN DOLOWICH & VOLUCK, LLP**

Christopher J. Tellner, Esquire

Dated:  January 2, 2020

2

**KAUFMAN DOLOWICH & VOLUCK, LLP**
Gregory F. Brown, Esquire
gbrown@kdvlaw.com
Attorney I.D. No. 90239
1777 Sentry Park West
VEVA 17, Suite 100
Blue Bell, PA 19422
Telephone: (215) 461-1100
Facsimile: (215) 461-1300

*Attorney for Defendants*
*Tammy Belinsky, Fred Walls,*
*Edward Wells and Community*
*Environmental Legal Defense Fund*

| | |
|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski, | : IN THE COURT OF COMMON PLEAS<br>: FRANKLIN COUNTY, PENNSYLVANIA<br>: CIVIL DIVISION<br>: |
| Plaintiffs, | : |
| v. | : No. 2019-4895 |
| Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Office Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Defendants Tammy Belinsky, Fred Walls, Edward Wells and Community Environmental Legal Defense Fund in the above-captioned matter.

TRUE ATTEST

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

Gregory F. Brown, Esquire
*Attorney for Defendants*
*Tammy Belinsky, Fred Walls, Edward Wells*
*and Community Environmental Legal Defense Fund*

Dated: January 2, 2020

**KAUFMAN DOLOWICH & VOLUCK, LLP**

Gregory F. Brown, Esquire
gbrown@kdvlaw.com
Attorney I.D. No. 90239
1777 Sentry Park West
VEVA 17, Suite 100
Blue Bell, PA 19422
Telephone: (215) 461-1100
Facsimile: (215) 461-1300

*Attorney for Defendants*
*Tammy Belinsky, Fred Walls,*
*Edward Wells and Community*
*Environmental Legal Defense Fund*

| | |
|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Office Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights,<br><br>Defendants. | : IN THE COURT OF COMMON PLEAS<br>: FRANKLIN COUNTY, PENNSYLVANIA<br>: CIVIL DIVISION<br>:<br>:<br>:<br>: No. 2019-4895<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Gregory F. Brown, Esquire, hereby certify that a true and correct copy of my Entry of

Appearance on behalf of Defendants Tammy Belinsky, Fred Walls, Edward Wells and Community

Environmental Legal Defense Fund was served via Electronic and First-Class, U.S., Mail, postage

prepaid upon all Counsel of record listed below.

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
Koller Law LLC
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
*Counsel for Plaintiffs*

Kristin L. Witherell, Esquire
Jackson Lewis
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
*Counsel for Defendant*
*Thomas Alan Linzey*

Bethann R. Lloyd, Esquire
Weinheimer, Haber & Coco, P.C.
429 Fourth Avenue
Suite 602
Pittsburgh, PA 15219
*Counsel for Defendant*
*The Center for Democratic and Environmental Rights*

**KAUFMAN DOLOWICH & VOLUCK, LLP**

Gregory F. Brown, Esquire

Dated:  January 2, 2020

2

**IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY,
PENNSYLVANIA**

| | | |
|---|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad | ) | CIVIL DIVISION |
| Nicholson, Kai Huschke, Markie Miller, | ) | |
| Malinda Clatterbuck, Michelle Sanborn, | ) | |
| Crystal Jankowski, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2019-4895 |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Alan Linzey, in his Individual and | ) | |
| Official Capacities; Tammy Belinsky, in her | ) | |
| Individual and Official Capacities; Fred | ) | |
| Walls, in his Individual and Official | ) | |
| Capacities; Edward Wells, in his Individual | ) | |
| and Official Capacities; Community | ) | |
| Environmental Legal Defense Fund and the | ) | |
| Center for Democratic and Environmental [1] | ) | |
| Rights, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR TRANSFER TO ALTERNATIVE JUDGE FOR HEARING ON AN EMERGENCY INJUNCTION

Plaintiffs, by and through their undersigned counsel, hereby file the instant Motion for

Transfer to an Alternative Judge for a Hearing on an Emergency Injunction.

1. Plaintiffs initiated this action by filing a Complaint for Permanent Injunctive Relief and

   Motion for Preliminary Injunction on December 12, 2019.

2. The case was assigned to the Honorable Todd M. Sponseller.

3. Judge Sponseller scheduled a hearing on the emergency injunction for Monday,

   December 23, 2019.

4. Due to the unavailability of Plaintiffs' counsel, Plaintiffs requested that the hearing be

   rescheduled for early January 2020.

5. The Court advised that Judge Sponseller does not have any availability until March 2020.

6. Given the nature of the matter and the need for a early hearing on the Temporary Restraining Order, Plaintiffs will be prejudiced if the hearing is not able to be scheduled until March of 2020.

7. As such, Plaintiffs respectfully request that this matter be transferred to another Judge in this Court, and a hearing be scheduled for early January. In that regard, Plaintiffs are available on January 3, 2019, but any date in early January would allow the matter to be timely heard.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion for Transfer to an Alternative Judge for Hearing on an Emergency Injunction.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: December 23, 2019                    By:

David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com
*Counsel for Plaintiffs*

2

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski, | ) ) ) ) ) | CIVIL DIVISION |
| Plaintiffs, | ) ) | No. 2019-4895 |
| v. | ) ) | |
| Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Official Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, David Koller, hereby certify that on December 23, 2019, a true and correct copy of the

Motion for Transfer to an Alternative Judge for Hearing on an Emergency Injunction was filed

with Court of Common Pleas of Franklin County.

A copy of the Motion was sent by first-class mail to the counsel named below:

Christopher J. Tellner, Esquire
Kaufman Dolowich Voluck LLP
Two Logan Square
100 N. 18th Street, Suite 701
Philadelphia, PA 19103
ctellner@kdvlaw.com
*Attorney for Defendants*
*Tammy Belinsky, Fred Walls, Edward Wells and*
*Community Environmental Legal Defense Fund*

7

Eileen K. Keefe, Esquire
Jackson Lewis P.C.
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Eileen.keefe@jacksonlewis.com
*Attorney for Defendants*
*Thomas Alan Linzey and Center for Democratic*
*and Environmental Rights*


**KOLLER LAW, LLC**


Dated: December 23, 2019         By:   _____

David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

**JACKSON LEWIS P.C.**
BY:   Kristin L. Witherell (PA I.D. 325594)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
kristin.witherell@jacksonlewis.com
Attorneys for Defendant, Thomas Alan Linzey (in his official capacity)



## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, PENNSYLVANIA

| Stacey L. Schmader, et al., | : | |
|---|---|---|
| Plaintiffs, | : | Civil Division |
| vs. | : | 2019-4895 |
| Thomas Alan Linzey, in his Individual and Official Capacities, et al. | : | |
| Defendant. | : | |

### PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Defendant, Thomas Alan Linzey, in his official

capacity, in connection with the above-captioned matter.

Respectfully,

**JACKSON LEWIS P.C.**

Kristin L. Witherell (PA I.D. 325594)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7802
(215) 399-2249 – Facsimile
kristin.witherell@jacksonlewis.com

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Praecipe for Entry of Appearance* was served via U.S. First Class Mail, postage prepaid, and electronic mail this 6th day of January, 2020, upon the following Counsel of record:

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
Koller Law LLC
2043 Locust Street, Ste. 1B
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

Bethann R. Lloyd, Esquire
**Weinheimer Haber & Coco**
Law & Finance Building
4th Ave. Suite 602
Pittsburgh, PA 15219

*Attorneys for Thomas Linzey (individual capacity) and Center for Democratic and Environmental Rights*

Christopher Tellner, Esquire
Gregory Brown, Esquire
**Kaufman Dolowich Voluck**
Two Logan Square
100 N. 18th Street, Suite 701
Philadelphia, PA 19103

and

1777 Sentry Parkway West, VEVA 17
Suite 100
Blue Bell, PA 19422

*Attorneys for Tammy Belinsky (individual and official), Fred Wells (individual and official), Edward Wells (individual and official), and Community and Environmental Legal Defense Fund*

Respectfully,

**JACKSON LEWIS P.C.**

Kristin L. Witherell (PA I.D. 325594)

4821-9646-7375, v. 1

2

**JACKSON LEWIS P.C.**
BY:   John Scull (PA I.D. 325255)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
john.scull@jacksonlewis.com
Attorneys for Defendant, Thomas Alan Linzey (in his official capacity)

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, PENNSYLVANIA

| Stacey L. Schmader, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Division |
| | : | |
| vs. | : | 2019-4895 |
| | : | |
| Thomas Alan Linzey, in his Individual and Official Capacities, et al. | : | |
| | : | |
| Defendant. | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Defendant, Thomas Alan Linzey, in his official

capacity, in connection with the above-captioned matter.

Respectfully,

**JACKSON LEWIS P.C.**

John Scull (PA I.D. 325255)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7802
(215) 399-2249 – Facsimile
john.scull@jacksonlewis.com

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Praecipe for Entry of*

*Appearance* was served via U.S. First Class Mail, postage prepaid, and electronic mail this 6th day

of January, 2020, upon the following Counsel of record:

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
**Koller Law LLC**
2043 Locust Street, Ste. 1B
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

Bethann R. Lloyd, Esquire
**Weinheimer Haber & Coco**
Law & Finance Building
4th Ave. Suite 602
Pittsburgh, PA 15219

*Attorneys for Thomas Linzey (individual capacity) and Center for Democratic and Environmental Rights*

Christopher Tellner, Esquire
Gregory Brown, Esquire
**Kaufman Dolowich Voluck**
Two Logan Square
100 N. 18th Street, Suite 701
Philadelphia, PA 19103

and

1777 Sentry Parkway West, VEVA 17
Suite 100
Blue Bell, PA 19422

*Attorneys for Tammy Belinsky (individual and official), Fred Wells (individual and official), Edward Wells (individual and official), and Community and Environmental Legal Defense Fund*

Respectfully,

**JACKSON LEWIS P.C.**

John Scull (PA I.D. 325255)

4843-8395-8192, v. 1

2

**JACKSON LEWIS P.C.**
BY:   Eileen K. Keefe (PA I.D. 93194)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
eileen.keefe@jacksonlewis.com
Attorneys for Defendant, Thomas Alan Linzey (in his official capacity)

TIMOTHY S. SPONSELLER
PROTHONOTARY
DEPUTY
2020 JAN -7  AM 11: 27
PROTHONOTARY
FRANKLIN COUNTY, PA

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, PENNSYLVANIA

| Stacey L. Schmader, et al., | : | |
| --- | --- | --- |
| Plaintiffs, | : | Civil Division |
| vs. | : | 2019-4895 |
| Thomas Alan Linzey, in his Individual and Official Capacities, et al. | : | |
| Defendant. | : | |

### PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Defendant, Thomas Alan Linzey, in his official

capacity, in connection with the above-captioned matter.

Respectfully,

**JACKSON LEWIS P.C.**

Eileen K. Keefe (PA I.D. 93194)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7802
(215) 399-2249 – Facsimile
eileen.keefe@jacksonlewis.com

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Praecipe for Entry of*

*Appearance* was served via U.S. First Class Mail, postage prepaid, and electronic mail this 6th day

of January, 2020, upon the following Counsel of record:

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
**Koller Law LLC**
2043 Locust Street, Ste. 1B
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

Christopher Tellner, Esquire
Gregory Brown, Esquire
**Kaufman Dolowich Voluck**
Two Logan Square
100 N. 18th Street, Suite 701
Philadelphia, PA 19103

and

1777 Sentry Parkway West, VEVA 17
Suite 100
Blue Bell, PA 19422

*Attorneys for Tammy Belinsky (individual and
official), Fred Wells (individual and official),
Edward Wells (individual and official), and
Community and Environmental Legal Defense
Fund*

Bethann R. Lloyd, Esquire
**Weinheimer Haber & Coco**
Law & Finance Building
4th Ave, Suite 602
Pittsburgh, PA 15219

*Attorneys for Thomas Linzey (individual
capacity) and Center for Democratic and
Environmental Rights*

Respectfully,

**JACKSON LEWIS P.C.**

Eileen K. Keefe (PA I.D. 93194)

4826-6642-6031, v. 1

2

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT
OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH**

| | |
|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski<br>Plaintiffs<br><br>v.<br><br>Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinski, in her Individual and Official Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund; and the Center for Democratic and Environmental Rights,<br>Defendants | Case Type: Civil Law<br><br><br>Case No.: 2019-4895<br><br><br><br>Judge: Todd M. Sponseller |

## ORDER OF COURT

**NOW COMES THE COURT THIS** _23rd_ day of December, 2019, *Sua Sponte,*
**AND HEREBY ORDERS** that the hearing as to Plaintiff's *Motion for Temporary Restraining Order,* scheduled to take place on December 23, 2019 at 2:30 P.M. is **CONTINUED.**

**IT IS FURTHER ORDERED** that a hearing shall be held on _January, 27_ _2020_ ~~2019~~ at _3:00_ A.M. (P.M.) in Courtroom # _3_, Franklin County Courthouse, Chambersburg, PA 17201. All parties shall be in attendance and be prepared to present evidence in favor of their respective positions.

1

TRUE COPY
PROTHONOTARY

Pursuant to the requirements of Pa. R.C.P. 236(a)(2)(b) and (d), the Prothonotary shall immediately give written notice of the entry of this Order, including a copy of this Order, to each party's attorney of record, or if unrepresented, to each party; and shall note in the docket the giving of such notice and the time and manner thereof.

By the Court,

JUDGE TODD M. SPONSELLER

*The Prothonotary shall give notice and serve:*
Plaintiff's
Defendant's
David M. Koller, Esq.
Christopher Tellner, Esq.
Kristin L. Witherell, Esq.
John Scull, Esq.
Bethan R. Llyod, Esq.
Gregory Brown, Esq.

2

IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT
OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Stacey L. Schmader, Leticia O'Dell, | : | Case Type: Civil Law |
| Chad Nicholson, Kai Huschke, | : | |
| Markie Miller, Malinda Clatterbuck, | : | |
| Michelle Sanborn, Crystal Jankowski | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| Thomas Alan Linzey, in his Individual and | : | |
| Official Capacities; Tammy Belinski, in her | : | Case No.: 2019-4895 |
| Individual and Official Capacities; Fred | : | |
| Walls, in his Individual and Official | : | |
| Capacities; Edward Wells, in his Individual | : | |
| and Official Capacities; Community | : | |
| Environmental Legal Defense Fund; and the | : | Judge: Todd M. Sponseller |
| Center for Democratic and Environmental | : | |
| Rights, | : | |
| Defendants | : | |

## ORDER OF COURT

AND NOW, this __16th__ day of December, 2019, upon reviewing Plaintiff's *Petition For Ex Parte Preliminary Injunction and Motion for Temporary Restraining Order*, dated December 12, 2019,

IT IS HEREBY ORDERED that Plaintiff's *Petition for Ex Parte Preliminary Injunction and Motion for Temporary Restraining Order* are DENIED;

IT IS FURTHER ORDERED that a hearing as to Plaintiff's *Motion for Temporary Restraining Order* shall be held on December 23, 2019 at 2:30 P.M. in Courtroom # __3__. Franklin County Courthouse, Chambersburg, PA 17201. All parties shall be in attendance and be prepared to present evidence in favor of their respective positions.

*Pursuant to Pennsylvania Rules of Civil Procedure 236, the Prothonotary shall give written notice of the entry of this Order of Court, including a copy of this Order of Court, to each party's attorney of record and shall note in the docket the giving of such notice and the time and manner thereof.*

By the Court,

JUDGE TODD M. SPONSELLER

*The Prothonotary shall give notice and serve:*
Plaintiff's
Defendant's
David M. Koller, Esq.
Sarah R. Lavelle, Esq.

2

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, PENNSYLVANIA

Stacey L. Schmader, Leticia O'Dell, Chad      )
Nicholson, Kai Huschke, Markie Miller,        )
Malinda Clatterbuck, Michelle Sanborn,        )
Crystal Jankowski,                            )
                                              )
      Plaintiffs,                             )
                                              )
v.                                            )
                                              )
Thomas Alan Linzey, in his Individual and     )
Official Capacities; Tammy Belinsky, in her   )
Individual and Official Capacities; Fred      )
Walls, in his Individual and Official         )
Capacities; Edward Wells, in his Individual   )
and Official Capacities; Community            )
Environmental Legal Defense Fund and the      )
Center for Democratic and Environmental       )
Rights,                                       )
                                              )
      Defendants.                             )

CIVIL DIVISION

No. 2019-4895

### ORDER

On this _____ day of December, 2019, in consideration of Plaintiff's Motion for a

Temporary Restraining Order, it is hereby decreed and Ordered as follows:

1.  Effective immediately as of the date of this Order, all Defendants must immediately cease

    all steps to dissolve and wind up CELDF, as well as desist from undertaking any steps or

    proceedings that impair or circumvent CELDF's continued operations, including

    transferring CELDF assets to the Center for Democratic and Environmental Rights and/or

    any other organization with which Linzey is affiliated.

2.  Effective as of the date of this Order, all Defendants, as well as any corporate officers,

    employees, former employees, relatives, agents and any persons working in concert with

    Mr. Linzey either at CELDF and/or at the Center for Democratic and Environmental

Rights, must immediately cease from soliciting CELDF donors to contribute resources to the Center for Democratic and Environmental Rights and must immediately cease disparaging CELDF.

3. Effective as of the date of this Order, all Defendants must immediately cease from terminating any CELDF staff absent a showing of just cause and must honor and renew employment contracts of all individuals whose work is necessary for the continued operation of CELDF, and immediately reinstate all employment contracts that will expire during the course of this litigation, may expire during the litigation, and renew those that have expired since the Board's vote to dissolve.

4. Effective as of the date of this Order, all Defendants are refrained from assisting or effectuating in any way the receipt, possession, ownership and control of any monetary assets formerly owned by CELDF to the Center for Democratic and Environmental Rights or to any Defendants.

5. Defendant Linzey and Defendant Board Members are to immediately resign from CELDF and/or its Board in every and any capacity.

BY THE COURT:

_____
                                              J.

## KOLLER LAW LLC

DAVID M. KOLLER                                                    SARAH R. LAVELLE

*ATTORNEYS ARE LICENSED IN PENNSYLVANIA AND NEW JERSEY*

December 12, 2019

**Via Hand Delivery**
Office of the Prothonotary
Franklin County Court of Common Pleas
157 Lincoln Way East
Chambersburg, PA 17201

### Re: Schmader et al. v. Thomas Alan Linzey et al.

Dear Sir/Madam:

Enclosed for filing are the civil cover sheet, Notice to Defend, Complaint, Memorandum of Law, Petition for Preliminary Injunction and a proposed Order. A check for the filing fee of $110.75 will be sent by overnight mail today along with a copy of all documents to be time-stamped and returned to our office and a return envelope for those documents.

If you have any questions, please call Colleen Tannenbaum in my office, 215-545-8917.

Thank you.

Very Truly Yours,
KOLLER LAW, LLC

David M. Koller, Esquire

Enclosures

PROTHONOTARY
FRANKLIN COUNTY PA

2019 DEC 12 PH 4: 11

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad )<br>Nicholson, Kai Huschke, Markie Miller, )<br>Malinda Clatterbuck, Michelle Sanborn, )<br>Crystal Jankowski, )<br> )<br>     Plaintiffs, )<br> )<br>v. )<br> )<br>Thomas Alan Linzey, in his Individual and )<br>Official Capacities; Tammy Belinsky, in her )<br>Individual and Official Capacities; Fred )<br>Walls, in his Individual and Official )<br>Capacities; Edward Wells, in his Individual )<br>and Official Capacities; Community )<br>Environmental Legal Defense )<br>Fund and the Center for Democratic and )<br>Environmental Rights, )<br> )<br>    Defendants. | CIVIL DIVISION<br><br>2019-4895<br><br>No. \_\_\_\_\_ |

## PETITION FOR *EX PARTE* PRELIMINARY INJUNCTION

Stacey L. Schmader and the other Plaintiffs captioned above (collectively referred to as

"Plaintiffs"), by and through their attorneys, hereby file this Petition for *Ex Parte* Preliminary

Injunction, and in support thereof aver the following:

1. Plaintiffs have filed a Complaint with this Court against Thomas Linzey and the other Defendants captioned above ("Defendants"). A true and correct copy of the complaint is attached hereto and incorporated herein as if set forth fully.

2. The Complaint seeks equitable relief to enjoin Defendants from taking actions to dissolve the Community Environmental Legal Defense Fund, fire its staff without cause, and transfer substantially all its assets to Defendant Linzey's new organization.

3. Under Pennsylvania Rule of Civil Procedure 1531(a), a court may issue a preliminary or special injunction only after written notice and a hearing "unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice." Pa.R.C.P.1531(a).

4. Pa. R.C.P. No. 1531(a) thus authorizes this Honorable Court to issue an *ex parte* preliminary injunction because Plaintiffs would suffer immediate and irreparable injury before a full hearing could be held.

5. The "essential prerequisites for a preliminary injunction" that a plaintiff must show are: (1) "that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages;" (2) "that greater injury would result from refusing an injunction than from granting it, and, concomitantly. that issuance of an injunction will not substantially harm other interested parties in the proceeding;" (3) "that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct;" (4) "that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words. must show that it is likely to prevail on the merits;" (5) that the injunction sought is reasonably suited to abate the offending activity; and

(6) that the injunction will not adversely affect the public interest. *Summit Towne Ctr., Inc. v. The Shoe Show of Rocky Mount., Inc.*, 573 Pa. 637, 646-47 (2003).

6.   Here, a preliminary injunction is an appropriate and, indeed, essential remedy that will properly restore the status quo as it existed prior to Defendants' dissolution of the Community Environmental Legal Defense Fund and allow it to operate during the pendency of this litigation, including, but not limited to, fundraising, an essential component to its operation that Defendants seek to stop with its unlawful acts.

7.   The first prerequisite is present: the challenged conduct threatens the very existence of CELDF and, as a one-of-a-kind charitable organization, no monetary damage could completely compensate for the harms to Plaintiffs of trying to replace the irreplaceable, as the Defendants current attempts to dissolve the corporation are such that without the immediate relief requested herein, the organization will not survive.

8.   Should Defendant Linzey continue disparaging CELDF to other donors, this would imperil the goodwill of the organization and threaten its vitality; should Defendants board members continue with their proposed dissolution, CELDF would no longer exist.

9.   Monetary damages are a woefully inadequate replacement for an organization that took 25 years to build.

10.  The second element of a preliminary injunction here is self-evident: Defendants already have duties to care for and protect CELDF's reputation and success; an injunction asking Defendants to refrain from violating their existing obligations adds no additional hardship.

11.  Defendants suffer no "substantial harm," or any to speak of, from a court order precluding Defendants from dissolving a fully functional and highly successful charitable organization. On the other hand, this dissolution would fundamentally destroy decades of

experienced staff organizing in dozens of communities which have contributed to greater local

participation in community affairs and decision-making. Dissolution and termination of CELDF

would further cause termination of Plaintiffs' employment, cause them financial difficulties and

terminate their relationships with grassroots activists.

12. Prior to the separation compensation "parachute" proposed for Defendant Linzey, and

attempts to divert CELDF funding to his directly competing organization, and the retaliatory

firing of all CELDF staff, the *status quo* was that of a dedicated cadre of professionals working

for a nonprofit that allowed them to pursue their shared passion.

13. The requested injunction would pause CELDF's dissolution and any threatened transfer

of funds, allowing Plaintiffs to return their attention to their service.

14. The facts clearly satisfy the fourth factor of likelihood that Plaintiffs will succeed on the

merits: Defendants breached fiduciary duties of loyalty and care by taking actions to benefit

Defendant Linzey while purporting to act on behalf of the very organization whose demise they

seek.

15. The fifth factor, that the injunction sought is reasonably suited to abate the offending

activity, is satisfied. The offending activity is the dissolution and potential dismissal of staff by

individuals who are in breach of their duties to the organization and in violation of the law;

Plaintiffs are requesting this Court enjoin that very activity.

16. Finally, the sixth factor, that the injunction will not adversely affect the public interest, is

also satisfied. The Pennsylvania Legislature, in enacting Pennsylvania's Nonprofit Law (15 Pa.

Code § 5301), specified the duties of fiduciary responsibility and loyalty owed by directors and

officers to the organization they represent. 15 PA C.S. § 5712. Here, to enjoin Defendants from

continuing to breach those same fiduciary duties would be to uphold the public interest in good nonprofit governance.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an *ex parte* preliminary injunction enjoining Defendants from dissolving CELDF as well as undertaking any steps or proceedings that impair or circumvent CELDF's continued operations, including transferring CELDF assets to the Center for Democratic and Environmental Rights and/or any other organization with which Defendant Linzey is affiliated; enjoining Defendant Linzey, any corporate officers, employees, agents and any persons working in concert with him either at CELDF and/or at the Center for Democratic and Environmental Rights, from soliciting CELDF donors to contribute resources to the Center for Democratic and Environmental Rights and further enjoining and preventing him and them from disparaging CELDF; enjoining all Defendants, or officers, agents, employees and persons working in concert with Defendants from firing any CELDF staff absent a showing of just cause; and enjoining the Center for Democratic and Environmental Rights from the receipt, possession, ownership and control of any monetary assets formerly owned by CELDF.

Date: December 12, 2019

Respectfully submitted,
**KOLLER LAW, LLC**

By:     David M. Koller
David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com
*Counsel for Plaintiffs*

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski, | ) ) ) ) ) | CIVIL DIVISION |
| Plaintiffs, | ) ) | No. _____ |
| v. | ) ) | |
| Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Official Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## PETITION FOR *EX PARTE* PRELIMINARY INJUNCTION

Stacey L. Schmader and the other Plaintiffs captioned above (collectively referred to as

"Plaintiffs"), by and through their attorneys, hereby file this Petition for *Ex Parte* Preliminary

Injunction, and in support thereof aver the following:

1.  Plaintiffs have filed a Complaint with this Court against Thomas Linzey and the other Defendants captioned above ("Defendants"). A true and correct copy of the complaint is attached hereto and incorporated herein as if set forth fully.

2.  The Complaint seeks equitable relief to enjoin Defendants from taking actions to dissolve the Community Environmental Legal Defense Fund, fire its staff without cause, and transfer substantially all its assets to Defendant Linzey's new organization.

3.  Under Pennsylvania Rule of Civil Procedure 1531(a), a court may issue a preliminary or special injunction only after written notice and a hearing "unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice." Pa.R.C.P.1531(a).

4.  Pa. R.C.P. No. 1531(a) thus authorizes this Honorable Court to issue an *ex parte* preliminary injunction because Plaintiffs would suffer immediate and irreparable injury before a full hearing could be held.

5.  The "essential prerequisites for a preliminary injunction" that a plaintiff must show are: (1) "that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages;" (2) "that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceeding;" (3) "that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct;" (4) "that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits;" (5) that the injunction sought is reasonably suited to abate the offending activity; and

(6) that the injunction will not adversely affect the public interest. *Summit Towne Ctr., Inc. v. The Shoe Show of Rocky Mount., Inc.*, 573 Pa. 637, 646-47 (2003).

6.   Here, a preliminary injunction is an appropriate and, indeed, essential remedy that will properly restore the status quo as it existed prior to Defendants' dissolution of the Community Environmental Legal Defense Fund and allow it to operate during the pendency of this litigation, including, but not limited to, fundraising, an essential component to its operation that Defendants seek to stop with its unlawful acts.

7.   The first prerequisite is present: the challenged conduct threatens the very existence of CELDF and, as a one-of-a-kind charitable organization, no monetary damage could completely compensate for the harms to Plaintiffs of trying to replace the irreplaceable, as the Defendants current attempts to dissolve the corporation are such that without the immediate relief requested herein, the organization will not survive.

8.   Should Defendant Linzey continue disparaging CELDF to other donors, this would imperil the goodwill of the organization and threaten its vitality; should Defendants board members continue with their proposed dissolution, CELDF would no longer exist.

9.   Monetary damages are a woefully inadequate replacement for an organization that took 25 years to build.

10. The second element of a preliminary injunction here is self-evident: Defendants already have duties to care for and protect CELDF's reputation and success; an injunction asking Defendants to refrain from violating their existing obligations adds no additional hardship.

11. Defendants suffer no "substantial harm," or any to speak of, from a court order precluding Defendants from dissolving a fully functional and highly successful charitable organization. On the other hand, this dissolution would fundamentally destroy decades of

experienced staff organizing in dozens of communities which have contributed to greater local participation in community affairs and decision-making. Dissolution and termination of CELDF would further cause termination of Plaintiffs' employment, cause them financial difficulties and terminate their relationships with grassroots activists.

12. Prior to the separation compensation "parachute" proposed for Defendant Linzey, and attempts to divert CELDF funding to his directly competing organization, and the retaliatory firing of all CELDF staff, the *status quo* was that of a dedicated cadre of professionals working for a nonprofit that allowed them to pursue their shared passion.

13. The requested injunction would pause CELDF's dissolution and any threatened transfer of funds, allowing Plaintiffs to return their attention to their service.

14. The facts clearly satisfy the fourth factor of likelihood that Plaintiffs will succeed on the merits: Defendants breached fiduciary duties of loyalty and care by taking actions to benefit Defendant Linzey while purporting to act on behalf of the very organization whose demise they seek.

15. The fifth factor, that the injunction sought is reasonably suited to abate the offending activity, is satisfied. The offending activity is the dissolution and potential dismissal of staff by individuals who are in breach of their duties to the organization and in violation of the law; Plaintiffs are requesting this Court enjoin that very activity.

16. Finally, the sixth factor, that the injunction will not adversely affect the public interest, is also satisfied. The Pennsylvania Legislature, in enacting Pennsylvania's Nonprofit Law (15 Pa. Code § 5301), specified the duties of fiduciary responsibility and loyalty owed by directors and officers to the organization they represent. 15 PA C.S. § 5712. Here, to enjoin Defendants from

continuing to breach those same fiduciary duties would be to uphold the public interest in good nonprofit governance.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an *ex parte* preliminary injunction enjoining Defendants from dissolving CELDF as well as undertaking any steps or proceedings that impair or circumvent CELDF's continued operations, including transferring CELDF assets to the Center for Democratic and Environmental Rights and/or any other organization with which Defendant Linzey is affiliated; enjoining Defendant Linzey, any corporate officers, employees, agents and any persons working in concert with him either at CELDF and/or at the Center for Democratic and Environmental Rights, from soliciting CELDF donors to contribute resources to the Center for Democratic and Environmental Rights and further enjoining and preventing him and them from disparaging CELDF; enjoining all Defendants, or officers, agents, employees and persons working in concert with Defendants from firing any CELDF staff absent a showing of just cause; and enjoining the Center for Democratic and Environmental Rights from the receipt, possession, ownership and control of any monetary assets formerly owned by CELDF.

Date: December 12, 2019

Respectfully submitted,
KOLLER LAW, LLC

By:     David M. Koller

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com
*Counsel for Plaintiffs*

PROTHONOTARY
FRANKLIN COUNTY PA

**KOLLER LAW LLC**    2019 DEC 12 PH 4: 11
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383) TIMOTHY G. ____LLER
2043 Locust Street, Suite 1B        PROTHONOTARY
Philadelphia, PA 19103       DEP___
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiffs*

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, PENNSYLVANIA

Stacey L. Schmader, Leticia O'Dell, Chad )
Nicholson, Kai Huschke, Markie Miller, )
Malinda Clatterbuck, Michelle Sanborn, )
Crystal Jankowski, )
 )
      Plaintiffs, )
 )
v. )
 )
 )
Thomas Alan Linzey, in his Individual and )
Official Capacities; Tammy Belinsky, in her )
Individual and Official Capacities; Fred )
Walls, in his Individual and Official )
Capacities; Edward Wells, in his Individual )
and Official Capacities; Community )
Environmental Legal Defense Fund and the )
Center for Democratic and Environmental )
Rights, )
 )
      Defendants. )

CIVIL DIVISION

No. 2019-4895

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

     Schmader, O'Dell, Nicholson, Huschke, Miller, Clatterbuck, Sanborn and Jankowski,

Plaintiffs and Movants, hereby submits this Memorandum of Law in support of its Motion for

Temporary Restraining Order, and Preliminary and Permanent Injunction, pursuant to Rule 1531

of the Pennsylvania Rules of Civil Procedure.

### A.     Matter Before the Court

Plaintiffs have filed a verified complaint along with a Motion for Temporary Restraining Order and Preliminary and Permanent Injunction.  Plaintiffs seek a TRO and injunctive relief to protect their legitimate business interests from the wrongful actions of the above named Defendants.

Specifically, Plaintiffs seek a TRO as follows:

Plaintiffs respectfully request that this Honorable Court issue an *ex parte* preliminary injunction:

(a) enjoining Defendants from dissolving CELDF as well as undertaking any steps or proceedings that impair or circumvent CELDF's continued operations or fundraising, including transferring CELDF assets to the Center for Democratic and Environmental Rights and/or any other organization with which Defendant Linzey is affiliated;

(b) enjoining Defendant Linzey, any corporate officers, employees, agents and any persons working in concert with him either at CELDF and/or at the Center for Democratic and Environmental Rights, from soliciting CELDF donors to contribute resources to the Center for Democratic and Environmental Rights and further enjoining and preventing him and them from disparaging CELDF;

(c) enjoining all Defendants, or officers, agents, employees and persons working in concert with Defendants from firing any CELDF staff absent a showing of just cause;

(d) enjoining the Center for Democratic and Environmental Rights from the receipt, possession, ownership and control of any monetary assets formerly owned by CELDF.

**B.** Statement of Question Involved

Question:      Should a temporary restraining order be issued where Defendants are in clear violation of the law as described in the Motion for Temporary Restraining Order and the Verified Complaint initiating this action?

**Suggested Answer: Yes**

**C.** Facts in Support of Motion

Contemporaneously herewith, Plaintiffs filed their verified Complaint in this case. A true and correct copy of Plaintiffs' verified Complaint (without exhibits) is attached to this Injunction Motion package as Exhibit "1", and the allegations of the Complaint are incorporated herein by reference as if fully set forth at length.

**D.** Legal Argument

A restraining order and injunctive relief are necessary and appropriate because (1) the Plaintiff has a clear right to relief, and (2) the need for relief is immediate. The circumstances of this case satisfy the well-settled criteria for injunctive relief. Willman v. Children's Hospital of Pittsburgh, 505 Pa. 263, 269, 479 A.2d 452, 454 (1984); Bell v. Thornburgh, 491 Pa. 263, 240 A.2d 443 (1980). Equity is appropriate to enforce property rights where money damages alone are inadequate. Kramer v. Slattery, 260 Pa. 234, 103 A. 610 (1918); Straup v. Times Herald, 283 Pa. Super. 58, 67, 423 A.2d 713, 718 (1980); McBurnie v. Grohol, 55 D&C 2d 146, 150 (1972). An award of money damages alone is inadequate and insufficient to make Plaintiffs whole.

Plaintiffs have filed a Complaint with this Court against Thomas Linzey and the other Defendants captioned above ("Defendants"). A true and correct copy of the complaint is attached hereto and incorporated herein as if set forth fully.

The Complaint seeks equitable relief to enjoin Defendants from taking actions to dissolve the Community Environmental Legal Defense Fund, fire its staff without cause, and transfer substantially all its assets to Defendant Linzey's new organization.

Under Pennsylvania Rule of Civil Procedure 1531(a), a court may issue a preliminary or special injunction only after written notice and a hearing "unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice." Pa.R.C.P.1531(a).

Pa. R.C.P. No. 1531(a) thus authorizes this Honorable Court to issue an *ex parte* preliminary injunction because Plaintiffs would suffer immediate and irreparable injury before a full hearing could be held.

The "essential prerequisites for a preliminary injunction" that a plaintiff must show are: (1) "that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages;" (2) "that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceeding;" (3) "that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct;" (4) "that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits;" (5) that the injunction sought is reasonably suited to abate the offending activity; and (6) that the injunction will not adversely affect the public interest. *Summit Towne Ctr., Inc. v. The Shoe Show of Rocky Mount., Inc.*, 573 Pa. 637, 646-47 (2003).

Here, a preliminary injunction is an appropriate and, indeed, essential remedy that will properly restore the status quo as it existed prior to Defendants' dissolution of the Community Environmental Legal Defense Fund and allow it to operate during the pendency of this litigation, including, but not limited to, fundraising, an essential component to its operation that Defendants seek to stop with its unlawful acts.

The first prerequisite is present: the challenged conduct threatens the very existence of CELDF and, as a one-of-a-kind charitable organization, no monetary damage could completely compensate for the harms to Plaintiffs of trying to replace the irreplaceable, as the Defendants current attempts to dissolve the corporation are such that without the immediate relief requested herein, the organization will not survive.

Should Defendant Linzey continue disparaging CELDF to other donors, this would imperil the goodwill of the organization and threaten its vitality; should Defendants board members continue with their proposed dissolution, CELDF would no longer exist.

Monetary damages are a woefully inadequate replacement for an organization that took 25 years to build.

The second element of a preliminary injunction here is self-evident: Defendants already have duties to care for and protect CELDF's reputation and success; an injunction asking Defendants to refrain from violating their existing obligations adds no additional hardship.

Defendants suffer no "substantial harm," or any to speak of, from a court order precluding Defendants from dissolving a fully functional and highly successful charitable organization. On the other hand, this dissolution would fundamentally destroy decades of experienced staff organizing in dozens of communities which have contributed to greater local participation in community affairs and decision-making. Dissolution and termination of

CELDF would further cause termination of Plaintiffs' employment, cause them financial difficulties and terminate their relationships with grassroots activists.

Prior to the separation compensation "parachute" proposed for Defendant Linzey, and attempts to divert CELDF funding to his directly competing organization, and the retaliatory firing of all CELDF staff, the *status quo* was that of a dedicated cadre of professionals working for a nonprofit that allowed them to pursue their shared passion.

The requested injunction would pause CELDF's dissolution and any threatened transfer of funds, allowing Plaintiffs to return their attention to their service.

The facts clearly satisfy the fourth factor of likelihood that Plaintiffs will succeed on the merits: Defendants breached fiduciary duties of loyalty and care by taking actions to benefit Defendant Linzey while purporting to act on behalf of the very organization whose demise they seek.

The fifth factor, that the injunction sought is reasonably suited to abate the offending activity, is satisfied. The offending activity is the dissolution and potential dismissal of staff by individuals who are in breach of their duties to the organization and in violation of the law; Plaintiffs are requesting this Court enjoin that very activity.

Finally, the sixth factor, that the injunction will not adversely affect the public interest, is also satisfied. The Pennsylvania Legislature, in enacting Pennsylvania's Nonprofit Law (15 Pa. Code § 5301), specified the duties of fiduciary responsibility and loyalty owed by directors and officers to the organization they represent. 15 PA C.S. § 5712. Here, to enjoin Defendants from continuing to breach those same fiduciary duties would be to uphold the public interest in good nonprofit governance.

Therefore, the Motion should be granted and the TRO and requested injunctive relief.

## E. <u>Relief Requested</u>

For the foregoing reasons, and as set forth in greater detail in the Motion and Complaint, Plaintiffs are entitled to the injunctive relief requested. Plaintiffs respectfully request that the Court grant the Motion and enter the injunctive relief requested, in the form of the Temporary Restraining Order and Preliminary Injunction Order included with Plaintiffs' Motion.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: December 12, 2019

By: *David M. Koller*

David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiffs*