# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski, | : : : : : : : : | No. 1:20-cv-00067-JPW |
| Plaintiffs, | : : : | |
| v. | : : : | |
| Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Office Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights, | : : : : : : : : : : : : : | |
| Defendants. | : | |

## TEMPORARY RESTRAINING ORDER BY CONSENT

This matter having come before the Court, following a conference on January 28, 2020, and upon the stipulation of Plaintiffs Stacey Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn and Crystal Jankowski (collectively, "Plaintiffs"), and Defendants Thomas Alan Linzey, Tammy Belinsky, Fred Walls, Edward Wells, Community Environmental Legal Defense Fund ("CELDF") and the Center for Democratic and

Environmental Rights ("CDER") (collectively, "Defendants"), for the entry of a temporary restraining order by consent to the extent set forth below.

This Order shall go into effect immediately and shall remain in effect through the date of the earlier of the parties' mediation scheduled for February 20, 2020 ("Mediation") or dismissal through the pending Motion to Dismiss [Doc. Nos. 5 and 6] ("Motion to Dismiss"):

1. CELDF is enjoined and restrained from taking any further action to dissolve or wind up the affairs of CELDF;

2. CELDF is enjoined and restrained from making any staff changes without just cause;

3. CELDF is enjoined and restrained from soliciting, directly or through others, any donors. This paragraph shall not prevent CELDF from accepting unsolicited donations from angel donors or from accepting the transfer of funds that were pledged to CELDF prior to the date of this Order;

4. CDER is enjoined and restrained from soliciting, directly or through others, current or past donors of CELDF. This paragraph shall not prevent CDER from accepting unsolicited donations from angel donors or from accepting the transfer of funds that were pledged to CDER prior to the date of this Order;

5. Consistent with the Board of Directors determination prior to this lawsuit, CELDF and CDER agree that no funds will be transferred from CELDF to CDER and/or Mr. Linzey, other than for payment for work and expenses;

6. CELDF will continue with grant obligations and work towards shoring up CRNs;

7. Plaintiffs and Defendants are restrained and enjoined from making or soliciting any comments, statement or the like to the media or through social media about matters pertaining to this litigation. This provision includes any comments or statements which the parties may make on the Internet, including but not limited to comments, statements and/or videos placed in email, and/or on YouTube, Facebook, Twitter or any other social media site;

8. CELDF will implement Mari Margil's Severance Agreement, including that it will set Ms. Margil's CELDF-issued e-mail account to "auto-forward" and provide Ms. Margil with proof of this step and provide Ms. Margil with severance payment stated therein within ten (10) days of this Order; Plaintiffs will cooperate in the implementation;

9. Mr. Linzey's position as Executive Director will not change, and his duties will be consistent with the December 1, 2019 Board Resolution, as modified by this Order; and

10. CELDF agrees to remove from its website, Facebook and Twitter, the posting captioned "Protecting CELDF," and all related linkage and postings.

11. By entering into this Order by Consent, no party has acknowledged or conceded the merits of any claims or defenses of any other party, either to the Complaint or the Petition for Temporary Restraining Order. All parties reserve all rights, claims, and defenses. This Order by Consent shall not be construed as evidence against any party should the mediation not resolve the matter. Rather, this Order by Consent is a good faith attempt by all parties to work to maintain the status quo while exploring the viability of a global resolution at mediation.

12. As agreed upon by the parties, the case will not be stayed pending Mediation, except that any and all remaining briefing deadlines with respect to the motion for temporary restraining order and/or preliminary injunction shall be stayed.

**Submitted and agreed to by the parties:**

| **KOLLER LAW PC** | **KAUFMAN DOLOWICH & VOLUCK, LLP** |
|---|---|
| By: */s/ David Koller* <br> David Koller <br> 2043 Locust St <br> Suite 1B <br> Philadelphia, PA 19103 <br> 215.545.8917 <br> davidk@kollerlawfirm.com <br> *Counsel for Plaintiffs Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Malinda Clatterbuck, Michelle Sanborn, Crystal Jankowski* | By: */s/ Christopher J. Tellner* <br> Christopher J. Tellner <br> Gregory Brown <br> Kaufman Dolowich & Voluck LLP <br> 1777 Sentry Park West <br> Dublin Hall, Suite 100 <br> Blue Ball, PA 19422 <br> *Counsel for Defendants Tammy Belinsky, Fred Walls, Edward Wells and Community Environmental Legal Defense Fund* |

**JACKSON LEWIS P.C.**

By: */s/ Kristin L. Witherell*
Kristin L. Witherell
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Telephone: (267) 319-7802
Facsimile: (215) 399-2249
kristin.witherell@jacksonlewis.com
*Counsel for Thomas A. Linzey in his Official Capacity*

**WEINHEIMER HABER & COCO, P.C.**

By: */s/ Bethann Lloyd*
Bethann Lloyd
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA 15228
Telephone: 412-563-2500
Facsimile: 412-563-2080
brl@whc-pc.com
*Counsel for Defendants Thomas Alan Linzey, in his Individual Capacity, and Center for Democratic and Environmental Rights*

**SO ORDERED:**

_____
Martin C. Carlson
United States Magistrate Judge

4842-6671-0707, v. 1