## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller, Michelle Sanborn, Malinda Clatterbuck, Crystal Jankowski, | ) ) ) ) ) | Civil Action |
| Plaintiffs, | ) ) | No. 1:20-cv-00067-JPW-MCC |
| v. | ) ) ) | |
| Thomas Alan Linzey, in his Individual and Official Capacities; Tammy Belinsky, in her Individual and Official Capacities; Fred Walls, in his Individual and Official Capacities; Edward Wells, in his Individual and Official Capacities; Community Environmental Legal Defense Fund and the Center for Democratic and Environmental Rights; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION TO REMOVE DEFENDANTS FROM CELDF POSITIONS AND FOR NULLIFICATION OF BRANNEN EMPLOYMENT CONTRACT

Stacey L. Schmader, Leticia O'Dell, Chad Nicholson, Kai Huschke, Markie Miller,

Michelle Sanborn, Malinda Clatterbuck, and Crystal Jankowski ("Plaintiffs"), by and through

their attorneys, hereby move this Court to use its injunctive powers to immediately and

permanently terminate Defendants Thomas Linzey, Tammy Belinsky, Fred Walls, and Edward

Wells, and Merrily Mazza as a person working in concert with Defendants, from all positions

and capacities held with the Community Environmental Legal Defense Fund (CELDF).

In support of their Motion, Plaintiffs aver the following facts:

1

1. Defendant Thomas Linzey resigned as CELDF's Executive Director on April 9, 2019, but was rehired as Executive Director of CELDF on December 1, 2019 for the explicit purpose of implementing the dissolution and liquidation of CELDF as a nonprofit corporation.

2. Similarly, on November 21, 2019 attorney Dan Brannen agreed to serve both as CELDF's Executive Director and as its Managing Attorney "through the process of dissolving CELDF." *Ex. A, Executive Director and Managing Attorney Agreement*, Nov. 21 2019.

3. Dan Brennan resigned as Executive Director on December 1, 2019, but stayed on the payroll as Managing Attorney. *Ex. B, Board Meeting Minutes*, Dec. 1, 2019.

4. After November 21, 2019, both Daniel Brannen's and Defendant Linzey's employment relationships with CELDF continued for the sole purpose of assisting in dissolving CELDF.

5. On February 20, 2020, Plaintiffs and Defendants entered an agreement to fully resolve all matters at issue in this litigation. The agreed terms and conditions were reduced to a writing, a copy of which is in the possession of Defendants.

6. Settlement is conditioned upon CELDF's continued existence and a cessation of dissolution proceedings; further activities aimed at the dissolution and liquidation of CELDF violate the spirit and letter of the agreement to settle, and as a consequence of the settlement agreement both persons hired solely for the purpose of effecting dissolution were constructively terminated as of February 20, 2020.

7. But seven days after agreeing in principle to written terms and conditions of settlement on February 20, 2020, Defendants Belinsky, Walls, and Wells, along with non-Defendant Merrily Mazza, secretly voted on or about February 27, 2020 in their official capacities with CELDF to pass a clandestine resolution creating a "Contract Amendment - Managing Attorney" with Daniel Brannen. This new agreement asserts that the Board mistakenly omitted in

November 2019 to award a contract with a certain terminus date to Daniel Brannen as CELDF's Managing Attorney, and to remedy this situation, Defendants acted to extend Brannen's employment contract to December 31, 2020. *Ex. C, Brannen Contract Amendment*, Mar. 10, 2020.

8.   All Defendants, including Defendant Linzey, along with Mazza, then executed the Contract Amendment on or about March 20, 2020.

9.   This Contract Amendment alters Brannens' payment from an hourly wage due only for the hours worked to a yearly salary with no billable hour or work-product requirements and adds a condition that if CELDF does not renew Brannen's contract after December 31, 2020, then Brannen automatically must be paid by CELDF in an amount equal to three months' severance pay. *Ex. C.*

10. No new consideration was given to CELDF in exchange for the Contract Amendment, despite it obligating CELDF to pay Brannen substantially more compensation and alleviating Brannen of his obligation to perform work in exchange for receiving this payment.

11. Extending Brannen's contract for 10 remaining months in 2020, plus the added penalty of 3 months' pay as severance, imposes a total $70,417.00 ($54,167.00 + $16,250.00) surprise economic burden upon CELDF, courtesy of the departing Defendants. Defendants failed to disclose to Plaintiffs or their counsel any intent to impose this new burden on or prior to the February 20, 2020 settlement mediation, nor have Defendants given notice at any time since.

12. Plaintiffs first learned of this post-settlement contract on April 17, 2020 when it was transmitted via email by Daniel Brannen to Plaintiffs' counsel. *Ex. D, Brannen email to Koller, April 17, 2020.*

13. This was also the first notice given to CELDF's Secretary and Treasurer, Plaintiff Stacey Schmader, whose official responsibilities include maintenance and administration of contracts for CELDF.

14. Since November, 2019, Plaintiff Schmader has been given no notification of Board meetings, despite her official capacity as Secretary and Treasurer of the corporation, with responsibility for attending and maintaining records of Board meetings and carrying out various acts ordered by the Board in the meetings.

15. Without her necessary presence, the purported acts the Board has taken formally during this time are null and void and thus Brannen's contract had no legal effect.

16. Additionally, Defendants' collective act of binding CELDF to the Contract Amendment was *ultra vires* because the Defendants' lacked the authority as CELDF Board members and its Executive Director, respectively, to obligate CELDF to a $70,000 debt for no consideration and to allow for extended services that run counter to the stated purpose of the settlement agreement.

17. Following achievement of the February 20, 2020 tentative settlement, the Plaintiffs had every right to expect that Daniel Brannen's employment with CELDF was terminated. The terms of settlement include no reference to the continued employment of Daniel Brannen, who had been retained on the payroll according to corporate records solely to assist in dissolution of the corporation.

18. Defendants, knowing that the interim settlement agreement terminated Brannen's existing employment, saddled CELDF with a $70,000.00 obligation only inadvertently disclosed to Plaintiffs nearly two months later.

4

19. Defendants Board members acted as directors of a Pennsylvania nonprofit corporation when they extended Brannen's contract. Their act of extending the contract comprises a violation of their responsibilities as fiduciaries of CELDF:

> (a) A director of a nonprofit corporation shall stand in a fiduciary relation to the corporation and shall perform his duties as a director, including his duties as a member of any committee of the board upon which he may serve, *in good faith*, in a manner he reasonably believes to be in the best interests of the corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances.

15 Pa. C. S. § 5712 (emphasis added).

20. Defendants Board members were obliged to avoid engaging in conduct that a person of ordinary prudence would find to be against the best interests of CELDF.

21. Defendants Board members can be held personally liable for breaching or failing to perform according to this standard of care, when this breach or failure amounts to "willful misconduct, or recklessness." Pa. C. S. § 5713(a).

22. Defendants Board members and Merrily Mazza willfully misconducted themselves and violated their fiduciary responsibility of good faith when on February 27, 2020, they secretly created the Brannen Contract Amendment and proceeded later to execute it. Defendants Board members knew or should have known that just 7 days before they created the contract, they had agreed to settle a federal lawsuit over CELDF and that Brannen's employment relationship was terminated by the cancellation of the plan to dissolve the corporation.

23. Defendants and Mazza further knew or should have known that the alteration and extension of Brannen's contract in secret was without justification and comprised an undisclosed and unexpected new financial burden for CELDF. *See* 15 Pa. C.S. § 5712(b). And they knew or should have known that their creation and execution of the Contract Amendment was an intentional and calculating move in extreme bad faith to saddle CELDF with an unwanted

$70,417.00 burden, wasting the assets of the corporation that the Defendants have actively undertaken to destroy for months.

24. Defendants have willfully and intentionally increased legal liabilities for CELDF that complicate Plaintiffs' ability to fulfill the terms and conditions of settlement of this lawsuit.

25. Defendants and Mazza, working in concert with Defendants, have seriously abused their continuing control over CELDF's corporate decision making and are waging a deliberate campaign to mismanage and sabotage CELDF. In so doing, they have forfeited any further privilege or right to hold positions of trust with CELDF.

26. Because the Defendants have continually refused to turn over minutes of Board meetings and documents reflecting actions taken by the Board and Defendant Linzey as Executive Director since at least mid-November, it is probable and foreseeable that other disreputable actions have been committed or undertaken by Defendants with the aim of wasting CELDF's assets and debilitating its business relationships as they tardily exit.

27. According to CELDF bylaws, if the Executive Director position is empty, it falls to the Secretary-Treasure, Plaintiff Schmader, to appoint replacement board members. Hence if the Court removes Defendants Board members, CELDF will expeditiously receive new Board governance.

### RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Honorable Court:

A. Immediately and permanently sever and terminate all Defendants from the Board and Executive Director position, respectively, at CELDF;

B. Find and declare that the Brannen Contract Amendment is void *ab initio* and of no legal effect;

6

C. Find and declare that Daniel Brannen's contract of employment expired on February 20, 2020 when Defendants terminated their actions to dissolve CELDF.

D. Require Defendants to pay Plaintiffs' attorney fees and costs for the bringing and prosecution of this Motion;.

E. Grant such other and further relief as this Court may deem to be necessary, just, and proper.

Dated: May 8, 2020

Respectfully submitted,

David M. Koller, Esq
Koller Law
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
Phone 215-545-8917
Fax 215-575-0826
davidk@phillyhometownlawyer.com

    /s/ Kira A. Kelley
Kira A. Kelley, Esq
Attorney at Law
21B Acme Street
Windsor VT, 05089
802-683-4086
kakelley436@gmail.com

    /s/ Terry J. Lodge
Terry J. Lodge, Esq.
316 N. Michigan St., Ste. 520
Toledo, OH 43604
(419) 205-7084
tjlodge50@yahoo.com

Co-counsel for Plaintiffs