## INDEX OF EXHIBITS

Exhibit A, Board Resolution (Nov. 21, 2019) .................................................... 1

Exhibit B, Board Meeting Minutes (Dec. 1, 2019) ............................................. 3

Exhibit C, Brannen Contract Amendment (Mar. 10, 2020) ............................ 6

Exhibit D, Brannen Email to Koller (Apr. 17, 2020) ........................................ 8

# Executive Director and Managing Attorney Agreement

Come now the Community Environmental Legal Defense Fund (CELDF), a Pennsylvania nonprofit corporation, and Daniel E. Brannen Jr., currently Managing Attorney of CELDF, both of whom hereby execute this Agreement on the terms herein:

The parties both acknowledge: Whereas Mr. Brannen has been a contract attorney for CELDF since about 2001, and Managing Attorney since about 2017; and

Whereas the Board of Directors of CELDF appointed Mr. Brannen as Executive Director (ED) of CELDF on 29 October 2019 for a transitional period; and

Whereas Mr. Brannen resigned from the position of ED on 20 November 2019, and the Board accepted that resignation under a written agreement that also provided for Mr. Brannen to continue as Managing Attorney through 31 December 2019; and

Whereas, after accepting Mr. Brannen's resignation, the Board adopted a Resolution to dissolve CELDF and wind up its affairs; and

Whereas, after adopting the dissolution Resolution, the Board asked Mr. Brannen to accept reappointment as ED; and

Whereas, because the dissolution Resolution looks reasonable to Mr. Brannen under the circumstances, including all of those documented in that Resolution and others:

Therefore, in consideration of the mutual promises contained in this Agreement, the parties agree as follows:

1. Mr. Brannen agrees to be reappointed as ED, and to serve as ED and Managing Attorney through the process of dissolving CELDF to the final point of its filing Articles of Dissolution with the Commonwealth of Pennsylvania. The Board will accomplish this reappointment by Resolution.

2. CELDF agrees to compensate Mr. Brannen as a salaried employee, $65,000 annually for his role as Managing Attorney, and $35,000 annually for his role as ED (a part-time role not requiring full-time work), effective on 1 December 2019.

3. CELDF agrees to release Mr. Brannen from any and all claims and actions of any kind that CELDF has, known or unknown, against Mr. Brannen for

anything he has done or not done from the very first day of his work for CELDF until his very last day of work for CELDF.

4. CELDF agrees to defend, hold harmless, and indemnify Mr. Brannen for and from any and all claims and actions of any kind pursued against CELDF or Mr. Brannen for anything he has done or not done from the very first day of his work for CELDF until his very last day of work for CELDF, including, without limitation, that if Mr. Brannen himself is the subject of any claims or actions of any kind for such work, CELDF will pay Mr. Brannen's costs and reasonable attorneys' fees for defending against such claims and actions.

5. The parties agree that the provisions of paragraphs 3 and 4 do not apply to malpractice claims (if any) by CELDF against Mr. Brannen that Rule 1.8(h)(1) of the Pennsylvania Rules of Professional Conduct do not allow Mr. Brannen to limit prospectively, or to malpractice claims (if any) by CELDF against Mr. Brannen that Rule 1.8(h)(2) of the Pennsylvania Rules of Professional Conduct do not allow Mr. Brannen to settle retrospectively without CELDF having adequate time for advice from independent counsel.

Agreed to this 21st Day of November 2019.

*Signed for Mr. Brannen:*

_____
Daniel E. Brannen Jr.


*Signed on behalf of CELDF by the Board of Directors:*

_____
Tammy Belinsky, Esq. Chair, Board of Directors

_____
Ed Wells, Member, Board of Directors

_____
Fred Walls, Member, Board of Directors

# MINUTES
## Board of Directors
## Community Environmental Legal Defense Fund, Inc.
### *Sunday, December 1ˢᵗ , 2019 at 4:00 p.m. EST (By Teleconference Call)*

*Present:*
> Tammy Belinsky, Board Member
> Fred Walls, Board Member
> Ed Wells, Board Member
> Dan Brannen, Executive Director/Managing Attorney
> Thomas Linzey, Senior Counsel

Board Member Belinsky opened the meeting at 4:05 p.m. EST.

*Business:*

<u>Discussion about Dissolution vs. Continuing to Try to Reach a Settlement</u>

Brannen opened the conversation by surveying the activity of the last two weeks, summarized how the decision to ask Thomas Linzey and Mari Margil to resign was arrived at, and how Dan believed that a settlement agreement by the Board was still the best path, rather than dissolution. Linzey further explained how that process had unfolded, and Brannen and Linzey offered their general thoughts on the process of dissolution, how to terminate ongoing cases, and how the Attorney General might or might not have a role in dissolution.

Board Member Belinsky spoke about how we should be exploring all options, and that we should be talking to the Community Rights Networks (CRN's), getting them ready for some kind of transition. Belinsky spoke about how CELDF simply is not sustainable, and that the CRN's may not be sustainable either.

Board Member Walls explained that he was uneasy about the resignations from Linzey and Margil, because of the new organization being created and their role in it. He asked whether the Board could just do a settlement with Linzey instead of doing the dissolution process.

Board Member Belinsky reiterated her support for the dissolution process and moving forward to dissolve the corporation. Board Member Wells also announced his support for the dissolution process, stating that he was in favor of either the CRN's or a new organization continuing the work.

Board Member Belinsky spoke about how this could be a "new start" for the organization, spinning off several other groups, to carry out the work.

Linzey raised the issue of why Brannen was so opposed to the dissolution process, to the point of reversing his decision to resign a week ago.

Brannen announced that he was committed to resigning as Executive Director, and left the call.

Board Members Walls addressed Linzey's comments about CELDF needing to move on, as it was, in Linzey's opinion, incapable of changing to fill the needs that are emerging in this area. He asked whether the whole situation was toxic, and how the Board ever fixes that.

### Selection of Executive Director

Board Member Belinsky explained that with Brannen's resignation as Executive Director, that the Board needed to appoint a new Executive Director. She stated that she and Thomas had spoken to Karen Breslin. Linzey stated that he didn't think that she would be a good choice, as she expressed reservations about dissolving the organization.

Linzey reaffirmed that he was willing to serve as Executive Director to assist with the dissolution process. Board Member Belinsky stated that she didn't have the time to serve in that role.

Board Member Belinsky made a motion that the Board appoint Thomas Linzey as the new Executive Director for the organization. Board Member Wells seconded the motion and called for a vote.

VOTE

Belinsky – Yes
Wells – Yes
Walls – Yes

Motion to appoint Thomas Linzey as the new Executive Director was adopted 3-0 by a unanimous vote.

### Mari Margil's Severance Agreement

Board Member Belinsky explained the need for the Board to approve Mari Margil's severance agreement.

Margil was brought onto the call to talk to the Board about some specific changes to her severance agreement. The Board asked Margil to make those changes. Board Member Belinsky then made a motion to approve the agreement, with those changes. Board Member Wells seconded the motion and asked for a vote.

VOTE

Belinsky: Yes
Wells: Yes
Walls: Yes

Motion to approve Margil's severance agreement with the small changes discussed on the call was approved by a unanimous, 3-0 vote.

Margil was to make those changes to the severance agreement and circulate to Walls and Wells, for signature, and then send that severance agreement back to Belinsky.

### Appointing a President

Board Member Belinsky explained the need for the Board to have a President. Linzey explained that if Wells resigns, the Board must be able to appoint a new board member to fill his

seat. Linzey also explained that a five member operating board would be preferable, which would mean finding three new board members. To do that, pursuant to the Bylaws, means that the President must maintain a list from which the Executive Director appoints.

Board Member Wells made a motion to appoint Board Member Belinsky as President. Board Member Walls seconded the motion and asked for a vote.

VOTE

Belinsky: Yes
Wells: Yes
Walls: Yes

The motion to appoint Belinsky as President of the organization was adopted unanimously by a 3-0 vote.

### Dissolution Steps

Linzey raised the issue of several dissolution-related activities that must be taken. Those include the running of two advertisements in Franklin County, Pennsylvania newspapers; and working with Emelyn to prepare the public statement on dissolution.

Board Member Walls asked about Board review of both. Linzey stated that he would circulate the language for the advertisements right after the call, and that once Emelyn was done with the public statement, that the statement would be circulated back to the Board for approval.

The Board generally approved the taking of these steps.

Board Member Belinsky volunteered to be the go-between between Linzey and Stacey Schmader, for documents and other materials necessary for the dissolution process to move forward. Linzey promised to prepare a dissolution plan and circulate to the Board. Belinsky agreed to get the Directors and Officers' insurance information from Schmader.

### Next Meeting

The Board agreed to set a next meeting for the following Sunday, **December 8th, at 4:00 p.m. Eastern**, using the same call-in number and passcode.

Board Member Belinsky adjourned the meeting at 4:49 p.m. EST.

## CONTRACT AMENDMENT – MANAGING ATTORNEY

*WHEREAS*, the Board of Directors of the Community Environmental Legal Defense Fund entered into a contract with Dan Brannen on November 24, 2019, providing compensation to Brannen for his employment as Executive Director and Managing Attorney of the organization; and

*WHEREAS*, after Brannen's resignation from the position of Executive Director, the Board of Directors agreed to provide compensation to Brannen on a contractor basis, at the same level of compensation as previously agreed, but now recognizes that the original contract did not provide a term of employment, even though the Board intended for the contract to be an annual agreement; and

*WHEREAS*, at a duly held Board meeting on February 27, 2020, the Board of Directors voted to approve the general terms of Brannen's Contract, to amend and clarify the earlier agreement; and

*WHEREAS*, the Community Environmental Legal Defense Fund now enters into this Contract Amendment with Brannen to amend and clarify the original contract as to term and conditions;

*THEREFORE*, the undersigned parties agree:

1. That Brannen shall be compensated at an annual rate of $65,000, payable in equal monthly installments for a period to extend through December 31, 2020.
2. That Brannen's duties shall be to continue to supervise all contract lawyers, pursuant to the Legal Defense Fund's written policy concerning "Litigation Responsibility, Conduct, and Management, which policy is incorporated herein.
3. That the Board envisions that Brannen's contract should be renewed annually, as it has routinely been renewed for the past two decades; however, in the event of non-renewal after December 31, 2020, the Legal Defense Fund agrees to pay Brannen a cancellation fee equal to three months of compensation as provided by this agreement.
4. That Brannen may cancel this Contract at any time for any reason upon thirty (30) days' notice to the Legal Defense Fund.
5. That the Legal Defense Fund may only cancel Brannen's contract prior to December 31, 2020 for just cause.
6. That all parties acknowledge that they have had sufficient opportunity to consult with attorneys of their choosing prior to the signing of this Contract Amendment.

7. That except as amended and clarified by this Contract, the Contract previously signed by Brannen and the Legal Defense Fund on November 24, 2019 is hereby again affirmed and ratified.

Agreed to this ___th Day of March 2020.

*Signed for Mr. Brannen:*

_____
Daniel E. Brannen Jr.

*Signed on behalf of CELDF by the Board of Directors and Executive Director:*

_____
Tammy Belinsky, Esq., Chair, Board of Directors

_____
Ed Wells, Member, Board of Directors

_____
Fred Walls, Member, Board of Directors

_____
Merrily Mazza, Member, Board of Directors

_____
Thomas A. Linzey, Esq., Executive Director



Kira Kelley <kakelley436@gmail.com>

# FW: CELDF

**David Koller** <davidk@phillyhometownlawyer.com>  Fri, Apr 17, 2020 at 5:09 PM
To: Terry Lodge <tjlodge50@yahoo.com>, Stacey Schmader <staceysch@gmail.com>, Chad Nicholson <ctnicholson@gmail.com>, Kai Huschke <kaihuschke@gmail.com>, Markie Miller <markie67@gmail.com>, "clatterms@gmail.com" <clatterms@gmail.com>, Michelle Sanborn <michelle706988@gmail.com>, crystal Jankowski <crys.jankowski@gmail.com>, "falkwilt@gmail.com" <falkwilt@gmail.com>, "karen@syrenalaw.com" <karen@syrenalaw.com>, "kakelley436@gmail.com" <kakelley436@gmail.com>, Tish <tishodell@gmail.com>, Lindsey Schromen-Wawrin <Lindsey@shearwaterlaw.com>

David M. Koller

Koller Law

2043 Locust Street, Suite 1B

Philadelphia, PA 19103

Phone 215-545-8917

Fax 215-575-0826

davidk@phillyhometownlawyer.com

www.phillyhometownlawyer.com

**From:** Daniel E Brannen Jr [mailto:dbrannen@brannenlawllc.com]
**Sent:** Friday, April 17, 2020 5:05 PM
**To:** David Koller <davidk@phillyhometownlawyer.com>
**Subject:** Re: CELDF

Mr. Koller-- I am attaching my February and March invoices, which Stacey already has. I also am attaching my contract. CELDF is currently in breach of my contract by failing to pay these two invoices. And I will submit my April invoice in due course around May 1.

My contract is for the same total compensation as last year for the same work. I have stood and remain ready, willing, and able to do my job. Your clients have no authority to terminate my contract. And they have no authority to diminish it by refusing to work with me.

If your clients make the legal and ethical decision to stand down, then I am happy to continue working with them as CELDF goes forward after the settlement is final. If instead your clients continue in their current posture with me, I will have a lot more to say, and will be happy to discuss it with you.

Please inform your clients they are on notice to maintain all emails, communications, documents, and other evidence of all kinds from the past three years forward that refer to me or my work for CELDF.

I have no intention of stopping my work or resigning from CELDF. Thank you. --Dan


On 4/17/2020 12:52 PM, David Koller wrote:

> Dear Mr. Brannen
>
> I am writing on behalf of Ms. Schmader.
>
> Can you please send to me detailed invoices for the February and March 2020?
>
> Also, can you please refrain from any further work on behalf of your CELDF. As you know, the parties reached a settlement on February 20, 2020 of the lawsuit and there is no need at this time for you to perform any further work or submit any more invoices.
>
> Related to that, and to facilitate the finalization of the settlement so as not to complicate matters further, my clients will not be responding to any communication that they receive from you.
>
> If you have any questions or wish to discuss this, please let me know.
>
> Thank you.
>
> David M. Koller
>
> Koller Law
>
> 2043 Locust Street, Suite 1B
>
> Philadelphia, PA 19103
>
> Phone 215-545-8917
>
> Fax 215-575-0826

davidk@phillyhometownlawyer.com

www.phillyhometownlawyer.com

--

Daniel E. Brannen Jr.

Brannen Law LLC

3 Caliente Road, #5

Santa Fe NM 87508

telephone 505.466.3830

website www.brannenlawllc.com

Confidentiality Notice

The information contained in this electronic communication and any document attached hereto or transmitted herewith is attorney-client privileged, work product, or otherwise confidential and intended for the exclusive use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible for, delivering it to the intended recipient, you are hereby notified that any examination, use, dissemination, distribution, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or reply e-mail and destroy this communication. Thank you.



**5 attachments**

- **Brannen Scanned Final Contract - 4_10_2020.pdf**
  261K

- **Contract_BrannenHire_11_21_2019.pdf**
  101K

- **Invoice-March2020.pdf**
  43K

- **Invoice-Feb2020.pdf**
  43K

- **Resolution_BrannenHire_11_24_2019.pdf**
  69K