**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STACEY L. SCHMADER, et al. | : |
| | : |
| Plaintiffs | : |
| v. | : No. 1:20-cv-00067-JPW |
| | : |
| | : |
| THOMAS ALAN LINZEY, et al. | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMOVE
DEFENDANTS FROM CELDF POSITIONS AND FOR NULLIFICATION
OF BRANNEN EMPLOYMENT CONTRACT**

Defendants Thomas Linzey, Tammy Belinsky, Fred Walls, Edward Wells, Community Environmental Legal Defense Fund ("CELDF") and The Center for Democratic and Environmental Rights ("CDER") (collectively "Defendants") hereby respond to Plaintiffs' Motion to Remove Defendants from CELDF Positions and for Nullification of Brannen Employment Contract ("Motion") as follows.

**OBJECTION TO PRO HAC VICE ADMITTED COUNSEL
REPRESENTING PLAINTIFFS**

1.     Defendants object to Kira Kelley, Esq.'s and Terry J. Lodge, Esq.'s participation in this lawsuit as counsel for Plaintiffs. Both have signed this Motion as legal representatives of Plaintiffs despite being attorneys officially working for CELDF. Ms. Kelley and Mr. Lodge have acquired CELDF's confidences through their work for CELDF. They now oppose CELDF. Their conflicting roles allow

them on-going access to CELDF's confidences, which they may then utilize to harm CELDF. Their representation of Plaintiffs is an inherent, non-waivable conflict of interest. Even if deemed waivable, CELDF does not consent. See Pa. R.P.C. 1.7(a) (Conflict of Interest); Pa. R.P.C. 1.6 (Confidentiality of Information) and Pa. R.P.C. 1.8(b) ("A lawyer shall not use information relating to representation of a client to the disadvantage of the client."). See also Model Rules of Prof'l Conduct R. 1.7(a).

## RESPONSES IN OPPOSITION TO PLAINTIFFS' MOTION

1.      Admitted in part, denied in part. It is admitted that Thomas Linzey resigned as Executive Director, except that the effective date was May 14, 2019. It is further admitted that Mr. Linzey was rehired as Executive Director on December 1, 2019. Consistent with the Board Minutes from December 1, 2019, Mr. Linzey "reaffirmed that he was willing to serve as Executive Director to assist with the dissolution process." (Pls. Ex. B., Bd. Minutes, Dec. 1, 2019.) All descriptions or characterizations of the Board Meeting Minutes referenced in Paragraph 1 are denied to the extent they differ from the terms of the document attached as Exhibit A to Plaintiff's Motion. The remainder of the allegations set forth in Paragraph 1 are denied.

2.      Admitted in part, denied in part. It is admitted that attorney Dan Brannen agreed to serve both as CELDF's Executive Director and as its Managing Attorney through the process of dissolving CELDF. All descriptions or

characterizations of the document identified in this paragraph as Exhibit A set forth in this paragraph are denied to the extent they differ from the terms of the document. In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, it is denied that Mr. Brannen and CELDF are parties to any contract, as Mr. Brannen resigned from CELDF on April 25, 2020 *before* Plaintiffs' Motion was filed.  Accordingly, all factual averments and legal arguments regarding the imposition of a financial burden on CELDF stemming from a contract between Mr. Brannen and CELDF are moot and were moot when Plaintiffs' filed this Motion.  Attached and incorporated as Exhibit A is a true and correct copy of Mr. Brannen's April 25, 2020 resignation email.  Mr. Brannen wrote:

> Mr. Koller-- My character does not permit me to be a pawn for your clients' and their allies' rabid dishonesty and anarchy. The Directors do not deserve it. I will not ask them to suffer it for my pecuniary interest, they have done no wrong in contracting for my good and honest labor. Which I have delivered throughout, to this very week, your clients' recent screed notwithstanding (I have the emails and documents to prove it).
>
> And thus, *I am resigning my contract with CELDF, effective immediately*.
>
> Tammy, Fred, Ed, I salute you for your service to CELDF (you too, Merrily). You volunteered for many decades of service between you. And the people you served are suing you? And want you to back off from an audit? Why, one must wonder? Anyway, the expense of my contract is no longer an impediment to the Court taking the time justice requires for this. I hope the Court will permit a full

independent audit before Directors who have served for decades resign their posts.

Mr. Koller, please tell Stacey that while I am disappointed that she turned against me in the end, I know that in doing so, she like me and Thomas is the victim of a pack of dirty dogs (not you, sir, you are an honest lawyer doing your job). After all they did since the mid-nineties, neither Stacey nor Thomas deserved this ending. Perhaps I alone among all of us appreciate this.

The rest of those around Stacey who attacked me in this process after I tried to mediate compromise? They are my enemies, forever. --Dan

(See Ex. A.) (emphasis added)

As a result of Mr. Brannen's resignation, no case or controversy existed at the time Plaintiffs' filed their Motion with respect to the relief they seek related to Mr. Brannen.[1]

---

[1] At the time of filing this Response, which is 14 days after Plaintiffs filed their Motion, Plaintiffs have not filed a mandatory brief in support of their Motion.  Pursuant to Local Rule 7.5, their Motion should be considered "withdrawn" and the relief they seek should be denied.

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

L.R. 7.5 (emphasis added). Neither exceptions a, b nor c of this Rule apply.  As such, by failing to file a Brief, Plaintiffs' Motion "shall be deemed to be withdrawn."

3.     Admitted in part, denied in part.  It is admitted that Mr. Brannen resigned as Executive Director of CELDF on December 1, 2019 but stayed on CELDF's payroll as Managing Attorney until April 25, 2020.  All descriptions or characterizations of the document identified in this paragraph as Exhibit B are denied to the extent they differ from the terms of the document.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a continuing contract between Mr. Brannen and CELDF are moot.

4.     Admitted in part, denied in part.  It is admitted that Mr. Linzey and Daniel Brannen's employment with CELDF continued after December 1, 2019.  It is denied that Mr. Linzey and Mr. Brannen's work after December 1, 2019 was confined to the sole purpose of dissolving CELDF or that Mr. Linzey or Mr. Brannen did not perform any other substantive work for CELDF.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

5.     Admitted in part, denied in part.  It is denied that Plaintiffs and Defendants entered into an agreement to fully resolve all matters at issue in this

litigation.  It is admitted only that the parties attended a settlement conference with the Honorable Martin C. Carlson, U.S.M.J. on February 20, 2020 and prepared a Term Sheet at the mediation, which is not an agreement to fully resolve this litigation.  To the contrary, the first paragraph of the Term Sheet provides that "the parties will cooperate to draft a general mutual release and hold harmless agreement signed by all parties, individually and in their official capacities incorporating the terms herein."  Moreover, the Term Sheet is not signed by the parties.  By way of further response, the latest revision of the Confidential Settlement Agreement was provided by Defendants to Plaintiffs on April 3, 2020 ("April 3 Release") – over a month and a half ago - and it has not been executed despite Defendants' request.  The April 3 Release circulated by Defendants fully incorporates and comports with the Term Sheet.  Accordingly, it is denied that the agreed terms and conditions were reduced to an enforceable writing given Plaintiffs' refusal to execute the April 3 Release, or that Defendants possess a copy of the writing containing the agreed terms and conditions.  It is further denied that the Term Sheet provided any detail about the continuing of employment of Mr. Brannen (or any other contractor or contract attorney).

6.     Denied.   All characterizations and descriptions of the terms of the settlement of this matter are denied.  It is denied that "both persons" referred to in this paragraph were constructively terminated on February 20, 2020.  By way of

further response, Defendants have not taken any active steps to dissolve or wind down CELDF, nor do Defendants plan or intend to do so given the parties reached terms of settlement, as more fully detailed in the April 3 Release.  Defendants promised not to take any steps towards dissolution as part of their resolution of this lawsuit during the February 20, 2020 settlement conference before the Honorable Martin C. Carlson, U.S.M.J., and such promise was reduced to writing in the Term Sheet and April 3 Release.  Further, per the Term Sheet, Mr. Linzey is not set to resign his employment until after execution of the settlement agreement. Accordingly, no case or controversy existed at the time Plaintiffs' filed their Motion with respect to the relief they seek related to dissolution.

7.      Denied. It is admitted only that the parties attended a settlement conference with the Honorable Martin C. Carlson, U.S.M.J. on February 20, 2020 and prepared a Term Sheet at the settlement conference, which has been reduced to the April 3 Release.  All characterizations or descriptions of the results of the Settlement Conference, Term Sheet or April 3 Release are denied.  It is denied that Defendants Belinsky, Walls, Wells, and non-defendant Merrily Mazza secretly voted on any subject or passed a clandestine resolution.  All descriptions or characterizations of the document identified in this paragraph as Exhibit C set forth in this paragraph are denied to the extent they differ from the terms of the document. By way of further response, CELDF requires a Managing Attorney, which is why

Mr. Brannen's employment was extended.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.  In further response, Defendants state that all other current CELDF contractors and contracting lawyers received annual contract renewals in January 2020.

8.     Admitted in part, denied in part.  It is admitted that Defendants Linzey, Wells, Walls and Belinsky, and non-party Mazza signed Exhibit C.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

9.     Denied.  It is denied that the document attached to Plaintiffs' Motion as Exhibit C explicitly alters Mr. Brannen's compensation from a per-hour-worked or work-product-produced basis to a fixed compensation arrangement.  It is denied that the document attached to Plaintiffs' Motion as Exhibit C requires any act to occur "automatically."  All descriptions or characterizations of the document identified in this paragraph as Exhibit C set forth in this paragraph are further denied to the extent they differ from the terms of the document.  In further response to the allegations

pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

10.     Denied.     All descriptions or characterizations of the document identified in this paragraph as Exhibit C are further denied to the extent they differ from the terms of the document.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

11.     Denied.     All descriptions or characterizations of the document identified in this paragraph as Exhibit C are denied to the extent they differ from the terms of the document.  In addition, Defendants deny that the economic burden was a "surprise," particularly given all other current CELDF contractors and contracting lawyers received annual contract renewals in January 2020.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

12.    Denied.  Defendants are without sufficient knowledge to admit or deny Plaintiffs' statement regarding when they learned of the alleged contract.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

13.    Denied.  Defendants are without sufficient knowledge to admit or deny Plaintiffs' statement regarding Plaintiff Schmader's first notification of the alleged contract.  By way of further response, Plaintiff Schmader does not have a written contract with CELDF, and therefore, it is specifically denied that she has official responsibilities of maintenance and administration of contracts.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

14.    Admitted in part, denied in part.  It is only admitted that Plaintiff Schmader is responsible for carrying out various acts by order of the Board and Executive Director, which she utterly failed to do.  By way of further response, Plaintiff Schmader does not have a written contract with CELDF, and therefore, it is specifically denied that she has official responsibilities of attending and maintaining

records of Board meetings.  By way of further response, Defendants have recorded and maintained Board Meeting Minutes in accordance with all applicable bylaws and law.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

15.   Denied.  Plaintiff Schmader does not have a written contract with CELDF, and therefore, it is specifically denied that Plaintiff Schmader's presence is required for the Board to undertake any act.  It is denied that Plaintiff Schmader's presence was a prerequisite to make Brannen's alleged contract legally binding to CELDF.  By way of further response, Plaintiff Schmader became adversarial to CELDF and Defendants by commencing this lawsuit, and therefore, her inherent conflict of interest precluded her from attending Board meetings.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.  By way of further response, Plaintiffs failed to cite to any controlling legal authority for the propositions set forth in this Paragraph of the Motion.

16.     Denied.  It is denied that CELDF was obligated to undertake a $70,000 debt for no consideration through any action of the Board.   It is denied that Defendants' conduct was *ultra vires*.   In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5.   Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

17.     Denied.  It is denied that the settlement conference conferred any right to Plaintiffs to expect that Mr. Brannen's employment with CELDF was terminated. By way of further response, Plaintiff Schmader was well aware of Mr. Brannen's continued employment by CELDF, which predates the February 20, 2020 Settlement Conference and, most certainly, filing of the present Motion.   A true and correct copy of emails exchanged between Ms. Belinsky, Mr. Brennan and Plaintiff Schmader, dated December 3, 2019 to February 10, 2020 is attached as Exhibit B.

On December 3, 2019, Mr. Brannen advised Ms. Schmader that he resigned as Executive Director effective December 1, 2019 but would be continuing as Managing Attorney, pursuant to Board resolution.  (See Ex. B Dec. 3, 2019 email.) Plaintiff Schmader responded and requested, "[c]an you please have a board member send me minutes or something where your salary was voted on.  I was never informed of this and I need to have it for my records." (Id.)  On December 4, 2019,

Defendant Belinsky wrote to Plaintiff Schmader and provided her with Board Meeting Minutes and Mr. Brannen's contract. (See id. Dec. 4, 2019 email.) Plaintiff Schmader responded, "[t]hank you Tammy. This is what I needed." (Id.) Mr. Brannen then provided Plaintiff Schmader with a January invoice on February 3, 2020, and on February 10, he advised her that he "did not receive a retainer replenishment in January, which you normally do." (Id. Feb. 3 & 10, 2020 emails.) Plaintiff Schmader responded, "received. I cut checks at the end of the month and will include this." (Id. Feb. 10, 2020 email.) At no time during this email exchange did Plaintiff Schmader contest Mr. Brannen's continued role and engagement as CELDF Managing Attorney, despite that Plaintiffs already filed suit. Rather, on April 17, 2020, after the parties agreed to material settlement terms, Plaintiffs attempted to terminate Mr. Brannen's engagement, feigning shock and awe over his work, despite being well aware of it. (See id. April 17, 2020 email.)[2]

---

[2] The parties resolved their dispute, and the material terms were reduced to a Term Sheet. The current April 3 Release contains all agreed upon terms, including requisite settlement and release provisions. Rather than executing the April 3 Release, Plaintiffs elected to file two serial Motions, neither of which have a basis in fact or law. The contents of Defendants' response to Paragraph 17 of Plaintiffs' Motion makes it patently evident that Plaintiffs have not brought the instant Motion in good faith. Rather, Plaintiffs continue to frustrate the settlement process, despite being warned against doing so by Judge Carlson. Plaintiffs' undignified and wholly unprofessional filings must stop so that the settlement all parties worked so hard to accomplish can be effectuated rather than frustrated. Further filings by Plaintiffs will require Defendants to consider all potential avenues of remedy, including those under Federal Rule of Civil Procedure 11 and those under the admitted attorneys' respective jurisdictions that issued their licenses to practice law. Finally, Plaintiffs vexatious filings – after settlement – expose them to personal liability for the excess costs, expenses and attorneys' fees incurred by Defendants in responding to these baseless filings. See 28 U.S.C. § 1927. Defendants do not waive the protections of Section

In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

18. Denied. It is denied that an "interim settlement agreement" exists. It is denied that the Term Sheet terminates Mr. Brannen's employment. It is denied that the Board "saddled CELDF with a $70,000.00 obligation." It is denied that any disclosure of the alleged contract between CELDF and Mr. Brannen was inadvertent. In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

19. Admitted in part, denied in part. It is admitted only that Defendants Belinsky, Wells and Walls acted as members of the board of a Pennsylvania nonprofit corporation in extending Mr. Brannen's contract. It is denied that the act of extending Mr. Brannen's contract comprises a violation of the Board's fiduciary

---

1927 but rather preserve same explicitly, to be formally asserted should Plaintiffs' conduct not cease immediately. Plaintiffs shall be guided accordingly.

responsibility to CELDF. To the contrary, CELDF requires a Managing Attorney. In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF, Defendants fully incorporate their response contained in Paragraph 2. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

20.     Denied.   Defendants Belinsky, Wells and Walls have acted and continue to act only in the utmost good faith in carrying out their wholly volunteer obligations as Board Members.   In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5.   Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

21.     Denied.  It is specifically denied that Defendants Belinsky, Walls or Wells can be held personally liable for any conduct alleged in Plaintiffs' Motion.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

22.     Denied. It is specifically denied that Defendants Belinsky, Walls or Wells, or non-party Merrily Mazza "willfully misconducted themselves" or violated their fiduciary responsibility of good faith in any respect.   It is denied that Defendants Belinsky, Walls or Wells secretly created or executed any document, including the alleged "Brannen Contract Amendment."  It is specifically denied that Defendants Belinsky, Walls or Wells knew or should have known that Mr. Brannen's employment was a term of the alleged settlement agreement, and Plaintiffs failed to offer any proof in support of this allegation.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

23.     Denied.  It is denied that the alleged alteration or extension of Mr. Brannen's contract was without justification or comprised an undisclosed or unexpected new financial burden on CELDF.  It is denied that Defendants and Mazza knew or should have known that alleged alteration and extension of Mr. Brannen's contract was without justification or comprised an undisclosed or unexpected new financial burden on CELDF.  To the contrary, CELDF requires a Managing Attorney.  It is denied that Defendants or Mazza altered or extended Mr.

Brannen's contract in secret.  Further to this point, there is no legal requirement that

Ms. Schmader as Secretary-Treasurer be present at Board meetings.  It is denied that

Defendants or Mazza knew or should have known that the alleged alteration or

extension of Mr. Brannen's contract was an intentional and calculating move in

extreme bad faith to saddle CELDF with an unwanted $70,417.00 burden.  It is

denied that any action by Defendants or Mazza wasted the assets of CELDF or that

Defendants actively undertook to destroy CELDF at any time.  In further response

to the allegations pertaining to the extension or alteration of Mr. Brannen's

employment contract with CELDF or with respect to the parties' settlement,

Defendants fully incorporate their response contained in Paragraphs 2 and 5.

Accordingly, all factual averments and legal arguments regarding a contract between

Mr. Brannen and CELDF are moot.

24.    Denied.  It is specifically denied that Defendants have willfully and

intentionally increased legal liabilities for CELDF.  It is denied that Defendants'

actions have increased legal liabilities for CELDF that complicate Plaintiffs' ability

to fulfill the terms or conditions of the settlement of this lawsuit.  In further response

to the allegations pertaining to the extension or alteration of Mr. Brannen's

employment contract with CELDF or with respect to the parties' settlement,

Defendants fully incorporate their response contained in Paragraphs 2 and 5.

Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

25.    Denied.  It is specifically denied that Defendants or Mazza have abused or seriously abused their control over CELDF's corporate decision making.  It is denied that Defendants or Mazza are waging a deliberate campaign to mismanage or sabotage CELDF.  It is denied that Defendants or Mazza have forfeited any further privilege or right to hold positions of trust with CELDF.  In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5.  Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

26.    Denied.  Defendants are not obligated to provide the minutes of the CELDF's Board's meetings until after execution of the April 3 Release. To the contrary, upon information and belief, Plaintiffs seek production of the Board Minutes before the April 3 Release has been signed in order to gain litigation advantage over Defendants and in further effort to undermine settlement. Defendants have recorded and maintained Board Meeting Minutes in accordance with all applicable bylaws and law.  It is denied that it is probable or foreseeable that Defendants have committed or undertaken or will commit or undertake disreputable

actions with the aim of wasting CELDF's assets or debilitating its business relationships. It is denied that Defendants' departure from CELDF has been "tardy," as the prerequisites to their departure have not been accomplished as a result of Plaintiffs' delay in executing the April 3 Release. In further response to the allegations pertaining to the extension or alteration of Mr. Brannen's employment contract with CELDF or with respect to the parties' settlement, Defendants fully incorporate their response contained in Paragraphs 2 and 5. Accordingly, all factual averments and legal arguments regarding a contract between Mr. Brannen and CELDF are moot.

27.    Denied. Plaintiffs' demand that this Court remove the members of CELDF's Board and Mr. Linzey is procedurally improper and without factual or legal basis. In further response, Defendants note that Plaintiffs rely on the incorrect bylaws, which were never properly adopted. The applicable bylaws do not give Ms. Schmader in her capacity as Secretary-Treasurer the power to appoint directors. Further, Plaintiffs' suggestion that Secretary-Treasurer Plaintiff Schmader is entitled to replace the Board members upon the removal of the existing Board demonstrates that the instant Motion is a ham-handed attempt to essentially secure the adjudication of this action in Plaintiffs' favor without due process. Plaintiffs' grasping attempt to seize control of the CELDF Board through motion practice while the parties are

in the final stages of settling this litigation should not be countenanced by this Court. Accordingly, Plaintiffs' Motion must be denied.

WHEREFORE, Defendants Thomas Linzey, Tammy Belinsky, Fred Walls, Edward Wells, Community Environmental Legal Defense Fund and The Center for Democratic and Environmental Rights respectfully request this Honorable Court to deny the Motion to Remove Defendants from CELDF Positions and for Nullification of Brannen Employment Contract and to enter a corresponding Order in the form attached as well as any further relief it deems appropriate.

Respectfully submitted this 22nd day of May 2020,

**KAUFMAN DOLOWICH & VOLUCK, LLP**
*Counsel for Defendants Tammy Belinsky, Fred Walls, Edward*
*Wells and Community Environmental Legal Defense Fund*

By: */s/ Christopher J. Tellner*
      Christopher J. Tellner, Esquire
      Gregory F. Brown, Esquire
      1777 Sentry Park West
      VEVA 17, Suite 100
      Blue Bell, PA 19422
      gbrown@kdvlaw.com
      ctellner@kdvlaw.com
      Phone: (267) 841-5909

**JACKSON LEWIS P.C.**
*Counsel for Defendant Thomas A. Linzey, in his Official*
*Capacity*

By: */s/ Kristin L. Witherell*
      Kristin L. Witherell, Esquire
      Eileen K. Keefe, Esquire
      1601 Cherry Street - Suite 1350
      Philadelphia, PA 19102
      Kristin.Witherell@jacksonlewis.com
      Eileen.Keefe@Jacksonlewis.com
      Phone: (267) 319-7838

**WEINHEIMER HABER & COCO, P.C.**
*Counsel for Defendants Thomas Alan Linzey, in his Individual*
*Capacity, and Center for Democratic and Environmental*
*Rights*

By: */s/ Bethann R. Lloyd*
      Bethann R. Lloyd, Esquire
      429 Fourth Avenue, Suite 602
      Pittsburgh, PA 15219
      brl@whc-pc.com
      Phone: (412) 765-3399